O. D. WHEELER v. CHARLOTTE CONSOLIDATED CONSTRUCTION
COMPANY ET AL.

(Filed 15 December, 1915.)

1. **Deeds and Conveyances—Maps—Streets—Dedication—Municipal Acceptance.**

Where a tract of land contiguous to a city is purchased and laid off into lots, streets, etc., for residential purposes, and a map thereof made and deeds made to the purchaser of these lots with reference to the lot numbers or streets platted, and the map is kept in the office of the promoters, the platting of the land and conveying the lots as stated is a dedication of the streets to the public in general and to the purchasers of the lots in particular, the intention to dedicate being manifested by the maps and deeds; and it is immaterial whether the streets were actually open at the time the lots were conveyed or whether they have been accepted by the municipality.

2. **Deeds and Conveyances—Maps—Streets—Dedication—Obstruction—Nuisance—Injunction—Equity.**

Where the owner of land has platted it into lots for residential purposes and dedicated the streets, neither he nor the purchasers of the lots from him may thereafter close the streets or use them for their private purposes against the interest of the other purchasers of the lots; and the remedy is by injunction or other proper remedy to have the nuisance abated.

WALKER, J., did not sit.

APPEAL by defendants from *Lane, J.*, at June Term, 1915, of MECK-LENBURG.

Civil action upon agreed facts. From the judgment rendered the defendants appealed.

*John M. Robinson for the plaintiff.*
*Tillett & Guthrie and Cansler & Cansler for the defendants.*

BROWN, J. The object of this action is to enjoin defendants from closing up by buildings, stables and other obstructions a strip of land designated upon the map of Dilworth, beginning at the point at which the "Boulevard" intersects with South Boulevard and extending with the width of said "Boulevard" one hundred feet up to the C. C. and A. R. R.

It appears that the defendants purchased a body of land contiguous to the city of Charlotte and laid it out as a residential suburb called Dilworth; that they had a map or plat made, showing all the lots and streets, which was on file in the office of the defendants, and referred to in the deeds; that on this map is delineated the streets and boulevards which are left open for public use; that defendant sold and conveyed lots to purchasers with reference to this map and the streets thereon, and calling for the same in the deeds. A copy of the map is made a part of the record and shows on its face the street or boulevard running to the C. C. and A. R. R., that it is claimed the defendants have refused to keep open and upon which they are keeping stables and other obstructions.

The plaintiff is the owner of three lots in Dilworth, numbered on the map referred to, two of which were made directly to the plaintiff, and the other he acquired by *mesne* conveyance. The map herein referred to is made a part of the last named deed. This deed contains no restrictions or reservations in reference to the streets, parks and boulevards, as appears in some of the deeds made by the defendants. The defendants claim the ownership of the street in question and the right to maintain certain stables and horses thereon. There can be no doubt, from an inspection of the map, that the street which defendant claims as its property and, therefore, the right to obstruct, is clearly defined as a street on said map, as much so as the other streets delineated thereon. We think the appeal presents the question of the owner of certain property dividing same into lots and streets, making a map thereof, recording the map, and conveying certain of the lots by reference to said map, and then seeking to obstruct such streets under a claim of ownership.

It is useless to discuss the question at length. In our opinion, it has been settled against the contention of the defendants by repeated decisions of this and other courts.

In *Conrad v. Land Co.,* 126 N. C., 776, it is held that where lots are sold by reference to a map or plat representing a division of a tract of land into streets and lots, such streets are dedicated thereby, and the purchaser of the lots acquires the right to have the streets kept open. The same proposition is discussed and decided in the same way in *Hughes v. Clark,* 134 N. C., 462; *Grogan v. Haywood,* 4 Fed., 164.

Platting the land into lots and streets and selling the lots by reference to the map dedicated the streets thereon to the public in general and to the purchasers of the lots in particular. The intention to dedicate is manifested by the maps and deeds. *Tice v. Whitaker,* 146 N. C., 376.

It is immaterial whether the streets were opened at the time of dedication or not; they must be at all times free to be opened as occasion may require. The acceptance or nonacceptance by the municipality does not affect the title thereto. *Hughes v. Clark, supra.* Injunction is the proper remedy, as is held in that case. The obstruction and closing up of the street creates a nuisance, and each purchaser can, by injunction or other proper proceeding, have the nuisance abated.

Affirmed.

WALKER, J., did not sit in this case.