ELIZABETH CITY v. J. O. COMMANDER.

(Filed 11 September, 1918.)

1. **Municipal Corporations—Cities and Towns—Streets—Offer to Dedicate— Revocation—Acceptance—Deeds and Conveyances.**

    Where the owner of lands within the corporate limits of a town has caused the same to be surveyed into streets and lots, and has duly registered the plat thereof, it is an offer of dedication, which is irrevocable after the acceptance by the town, or his conveying the lots accordingly before revocation.

2. **Same—Maps.**

A conveyance of land which the owner has platted into streets and lots, with map duly registered, made subject "to any vested or prescribed rights of the" town and others to a street designated therein, is not a revocation of the offer to dedicate.

3. **Deeds and Conveyances—Boundaries—Description—Interpretation—Reference to Maps—Municipal Corporations—Cities and Towns—Streets—Offer of Dedications.**

Where the owner of lands within the corporate limits of a town has caused the same to be platted into streets and lots, and the map thereof duly registered, and, in conveying a part thereof, includes one of the streets within the boundaries given, and states that the description is according to the recorded plat, giving book and page in the register of deeds' office, the effect of the reference to the plat is to incorporate it in the deed as a part of the description of the land conveyed; and, construing the instrument as a whole, it conveys all the land, including the street, subject to the easement therein for the public use, and does not affect the previous offer of dedication.

APPEAL by defendant from *Whedbee, J.,* at Special June Term, 1918, of PASQUOTANK.

This is an action to have what is known as Dyer Street, in Elizabeth City, declared a public street, and to prevent the defendant from obstructing the same.

The land covered by Dyer Street is a part of 17 acres of land formerly belonging to J. W. Hinton, and by successive conveyances the title to the whole 17 acres was vested in Bush & Lippincott in 1881.

In July, 1881, Bush & Lippincott had the land surveyed and platted and subdivided into lots which were numbered, and streets which were named, including Dyer Street.

The plat of this survey was registered in Pasquotank County, in Book 4, pages 38 and 39, and is as follows:

On 11 September, 1882, W. H. Smith executed a deed to R. H. Berry, purporting to convey some of said lots, "subject to any vested or prescribed rights of the corporation of Elizabeth City and others to Dyer Street."

On 15 September, 1882, the surviving partners of Bush & Lippincott executed a deed to the said R. H. Berry, conveying several of the lots on the plat by the following description:

"Situate in the County of Pasquotank, State of North Carolina, in the town of Elizabeth City, known as 'Parsonage' property, bounded on the north or northeast by the remaining part of lot No. 30, 38 feet wide, *extending from Dyer to Poplar Street;* on the easterly side, by the Academy lot and Hinton lots; on the south, by Parsonage Street, or Cotter Street; on the westerly side, by Poplar Street. The description

ELIZABETH CITY *v.* COMMANDER.

herein made is according to a plat recorded in the office of the Register of Deeds of Pasquotank County, in Book 4, pages 38 and 39."

The defendant claims under this deed, and the boundaries named therein cover Dyer Street, the deed to the defendant himself being executed by N. W. Stevens on 9 December, 1907, and containing the following clause:

"This deed is made subject to any right the town may have to lay out Dyer Street as per the Conrow, Bush & Lippincott plat, as recorded in Book 4, pages 38 and 39."

After the execution of the deed to Berry, the survivors of Bush & Lippincott executed several deeds to different parties, conveying lots by numbers to different parties, and calling for the streets thereon, although none of these deeds called for Dyer Street.

The plaintiff relied on other deeds and contracts to show a dedication of Dyer Street to the use of the public prior to making and recording of the plat; but, in the view taken by the court of the question involved, it is not necessary to state the facts in regard thereto.

At the conclusion of the evidence his Honor instructed the jury to answer the issues in favor of the plaintiff if they believed the evidence, and the defendant excepted.

There was a verdict for the plaintiff, and from the judgment pronounced thereon the defendant appealed.

*Aydlett, Simpson & Sawyer for plaintiff.*
*J. B. Leigh and Meekins & McMullan for defendant.*

ALLEN, J. The defendant concedes that the survey and plat made by Bush & Lippincott, subdividing the land into lots and laying off streets thereon, including Dyer Street, was an offer to dedicate the street to the use of the public, and that if this offer had been accepted by the city, or if lots had been conveyed calling for the streets, before the revocation of the offer by Bush & Lippincott, the offer would then have been irrevocable; but he contends that there was no acceptance of offer and no deed calling for streets executed prior to the execution of the deed to Berry on 15 September, 1882, and that as this conveyed the street it was a revocation of the offer.

This position of the defendant is fully sustained by the authorities, if the deed to Berry is a revocation, but if not a revocation, the subsequent deeds by Bush & Lippincott calling for streets and referring to the plat are an irrevocable dedication, although Dyer Street was not referred to. *Conrad v. Land Co.,* 126 N. C., 776; *Collins v. Land Co.,* 128 N. C., 564; *Hughes v. Clark,* 134 N. C., 459; *Baillere v. Shingle Co.,* 150 N. C., 637; *Green v. Miller,* 161 N. C., 29; *Sexton v. Elizabeth City,* 169 N. C., 390; *Wheeler v. Construction Co.,* 170 N. C., 428.

The Court says, in *Conrad v. Land Co.:* "If the owner of land lays it off into squares, lots, and streets, with a view to form a town or city, or as a suburb to a town or city, certainly if he causes the same to be registered in the county where the land is situated, and sells any part of the lots or squares, and in the deed refers in the description thereof to the plat, such reference will constitute an irrevocable dedication to the public of the streets marked upon the plat. *Meier v. Portland,* 16 Oregon, 500. . . . It is immaterial whether the public authorities of

the city or county had formally accepted the dedication." And in *Collin v. Land Co.,* quoting from Elliott on Roads: "It is not only those who buy lands or lots abutting on a street or road laid out on a map or plat that have a right to insist upon the opening of a street or road, but where streets and roads are marked on a plat, and lots are bought and sold with reference to the map or plat, all who buy with reference to the general plan or scheme disclosed by the plat or map acquire a right to all the public ways designated thereon, and may enforce the dedication. The plan or scheme indicated on the map or plat is regarded as a unity, and it is presumed, as well it may be, that all the public ways add value to all the lots embraced in the general scheme or plan. Certainly, as every one knows, lots with convenient cross-streets are of more value than those without, and it is fair to presume that the original owner would not have donated land to public ways unless it gave value to the lots. So, too, it is just to presume that the purchasers paid the added value, and the donor ought not therefore to be permitted to take it from them by revoking part of his dedication."

Both of these cases are affirmed and approved in the other cases cited.

It becomes, therefore, of the first importance to determine the proper construction of the Berry deed, and to see whether it can be held to amount to a revocation.

The deed of 15 September was executed four days after the execution of the deed from Smith, purporting to convey lots marked on the plat, which clearly recognized the right of the city in Dyer Street, because it says that the conveyance is subject "to any vested or prescribed rights of the corporation of Elizabeth City and others as to Dyer Street."

The deed of 15 September contains no express terms of revocation, and on the contrary one of the boundaries in the deed is described as "extending from Dyer to Poplar Street."

It goes further than this, because, immediately following the enumeration of the boundaries, it is said in the deed: "The description herein made is according to a plat recorded in the office of the Register of Deeds of Pasquotank County, in Book 4, pages 38 and 39."

The legal effect of this last clause in the description is, according to the authorities, to incorporate the plat in the deed as a part of the description of the land conveyed. *Everett v. Thomas,* 23 N. C., 252; *Euliss v. McAdams,* 108 N. C., 511; *Hemphill v. Annis,* 19 N. C., 516; *Gudger v. White,* 141 N. C., 517; *Baillere v. Shingle Co.,* 150 N. C., 637.

The Court says, in *Everett v. Thomas:* "We do not doubt that, by a proper reference of one deed to another, the description of the latter may be considered as incorporated into the former, and both be read as one instrument for the purpose of identifying the thing intended to be conveyed." And in *Hemphill v. Annis:* "It has been well settled by a series

of adjudications that where a reference is made in one deed to another for a more definite description, the effect is to incorporate the description of the instrument referred to into that containing the reference, provided the language used points so clearly to the explanatory deed or instrument as to make it possible to identify it." And the other cases are to the same effect.

We have, then, in the deed to Berry two descriptions—one sufficient to convey the fee in the street, and the other conveying the land and imposing upon it the easement; and following the rule of construction announced in *Gudger v. White,* 141 N. C., 517, that the whole deed must be considered in determining the intent of the parties, and in *Modlin v. R. R.,* 145 N. C., 222, that effect must be given to all the clauses of the deed except when they are inconsistent and irreconcilable, the proper interpretation of the deed is that it conveyed the fee to all of the land, including Dyer Street, subject to the easement in Dyer Street for the use of the public; and if so, it cannot have the effect of revoking the offer to dedicate the street, arising upon the survey and plat made by Bush & Lippincott; and the execution of this deed and the subsequent deeds calling for lots and streets made this offer irrevocable.

We are therefore of opinion that, upon the facts that were not in dispute, his Honor held correctly that the plaintiff was entitled to the relief prayed for.

No error.