## STATE v. HATTIE BURKE.

(Filed 24 September, 1930.)

**Profane Language A b——In this case held: evidence that place where defendant used profanity was a public highway was sufficient.**

Where an owner has plotted his lands into lots with dividing streets and has sold some of the lots, there is a dedication to the public use as between the parties, and where in a prosecution for using profane or indecent language upon a public highway in the hearing of one or more persons, the evidence tends to show that the defendant used profane language in the hearing of others on a street so dedicated, that the street had several houses thereon and that the adjacent owners had worked the street and that it had been used by the public for a period of ten or more years, the evidence that the highway was public within the meaning of the statute is sufficient to be submitted to the jury and sustain a verdict of guilty.

APPEAL by defendant from *Cranmer, J.,* and a jury, at July Term, 1930, of HERTFORD. No error.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*C. Walla[ce Jones and Lloyd J. Lawrence for defendant.*

CLARKSON, J. The defendant was charged with violating C. S., 4352. This section, in part, is as follows: "If any person shall, on any public road or highway and in the hearing of two or more persons, in a loud and boisterous manner, use indecent or profane language, he shall be guilty of a misdemeanor, and upon conviction shall be fined not exceeding fifty dollars or imprisoned not exceeding thirty days," etc. (Certain counties exempted.)

The defendant was tried and convicted on a warrant duly sworn out before a justice of the peace. From the judgment of the justice of the peace defendant appealed to the Superior Court. The defendant was there tried *de novo* and convicted by a jury, and appealed from the judgment rendered to this Court.

The only material exception and assignment of error made by defendant, necessary to be considered, was to the charge of the court below holding that the evidence was sufficient to be submitted to the jury; that the place where the language was used was a public road or highway. The prosecutrix, Sadie Manly, testified on this aspect: "I live in Cofield, in Hertford County. I was at home on the afternoon of 3 July, 1930; my home is located on a street or avenue in Cofield. The street on which I live leads from the Cofield-Ahoskie county road to a field, and my home is located about 100 yards from the Winton-Ahoskie road.

There are only four homes on the street, one of which I occupy. I have lived at my present home for about ten years and this street has been open all of that time, and the street on which I live has been used by the traveling public for the use of automobiles and other vehicles for the whole time that I have lived there. . . . Cofield is not an incorporated town. This street is kept up by those of us living on it. This street has never been worked by any of the road authorities and all the work that has been done on it in the ten years that I have lived on it has been done by my husband and Vivian Nickens, who lives next door to me."

W. A. Perry testified: "The street or avenue on which Sadie Manly lives has been opened for sixteen years. I have lived within two miles of Cofield all my life. I carried the chain when this street was surveyed sixteen years ago. Mr. Williams owned the land and cut it up into lots, and laid out this street for the use of the public and those who bought lots on it. This street has been used by the traveling public for the past sixteen years, and it is wide enough for two or three cars to pass. It is connected with the Winton-Harrellsville road, and you can travel all the way from the Cofield-Ahoskie road to the Winton-Harrellsville road."

There is no question made as to the evidence being sufficient to be submitted to the jury as to the other ingredients of the offense. So the sole question: was the place a public road or highway in contemplation of the statute? We think so.

We do not think that a reasonable construction of the present statute, that it can be said, that the only public road or highway is one that the public authorities have acquired in the different methods provided by law and worked and kept up by them.

In *Wittson v. Dowling,* 179 N. C., at 544-5, we find the following: "It is the recognized principle here and elsewhere that, when the owner of suburban property or other has the same platted, showing lots, parks, streets, alleys, etc., and sells off lots or any of them, in reference to the plat, this, as between the parties, will constitute a dedication of the streets, etc., *for public use, although not presently opened or accepted or used by the public.* (Italics ours.) *Elizabeth City v. Commander,* 176 N. C., 26; *Wheeler v. Construction Co.,* 170 N. C., 427; *Green v. Miller,* 161 N. C., 25." *Irwin v. Charlotte,* 193 N. C., 109.

The present statute was passed, no doubt, to cover cases of this character that the common law did not reach. At common law in *S. v. Chrisp,* 85 N. C., 528, it was held that the continued and public use of profane oaths, frequently and boisterously repeated, though on a single occasion and but for the space of five minutes, is indictable as a public nuisance. In the judgment we find

No error.