ELSIE E. BROOCKS AND HUSBAND, T. A. BROOCKS, v. CONSTANCE L. MUIRHEAD AND WILLIAM MUIRHEAD.

(Filed 2 June, 1943.)

**1. Dedication §§ 1, 4: Municipal Corporations §§ 14, 29—**

When the owner of land has it subdivided and platted into lots, streets, and alleys, and sells and conveys the lots or any of them with reference to the plat, he thereby dedicates the streets and alleys, and all of them, to the use of the purchasers and those claiming under them, and to the public, and it is not necessary for such streets and alleys to be opened or accepted by the governing body of the town or city if they are within the limits of a municipality.

**2. Dedication §§ 1, 4: Estoppel § 3—**

Where lands have been surveyed and platted and sold, showing lots, streets, squares, parks and alleys, the original owner and those claiming under him, with knowledge of the facts, or with notice thereof, either express or constructive, are estopped to repudiate the implied representation that such streets and alleys, parks and places will be kept open for public use, although not presently opened or accepted or · used by the public.

**3. Dedication § 4: Municipal Corporations § 14—**

If streets or alleyways in a subdivision of lands be obstructed there is created thereby a public nuisance, and each purchaser, or owner of property therein can, by injunction or other proper proceeding, have the nuisance abated, as there is in all such cases an irrebuttable presumption of law that such owner has suffered peculiar loss or injury.

APPEAL by defendants from *Hamilton, Special Judge,* at January Term, 1943, of DURHAM.

Civil action to have *feme* plaintiff declared legal owner of right of ingress and egress upon a certain alleyway and to enjoin defendants from obstructing the alleyway and to require *feme* defendant to remove obstructions therefrom.

While defendants, in their answer, deny the existence of the alleyway and of any interest of plaintiffs therein, as they allege in the complaint, these facts appear to be uncontroverted:

In the year 1926 James L. Griffin and others, who owned certain land adjoining the residential development in the city of Durham known as

Forest Hills, subdivided same into blocks of building lots for residential purposes and provided access thereto by certain streets, and caused a plat of the subdivision to be prepared and registered in the office of the Register of Deeds of Durham County in Book of Plats 6, at page 190. The subdivision was named Knollcrest. The blocks were designated alphabetically, the lots were numbered and the streets were named. On this plat Block C is bounded (1) on the west by Fairview Street which runs on a curve on general course of northwest and southeast, (2) on the north by Burbank Street which runs in general east and west direction, (3) on the east by the Forest Hills property, and (4) on the south by Homer Street which runs in general east and west direction. This block consists of two tiers of lots. Between these tiers there appears an unnamed strip 16 feet wide extending from Fairview Street in an eastern direction approximately through the middle of the block to the Forest Hills property and then with it in southern direction to Homer Street. The northern tier of lots Nos. 1 to 14, both inclusive, numbered consecutively from west to east, front on the south side of Burbank Street and extend in southern direction to the unnamed 16-foot strip, and the southern tier of lots Nos. 15 to 26, both inclusive, numbered consecutively from west to east, front on the northern side of Homer Street and extend in northern direction to this unnamed 16-foot strip. The part of the strip extending south to Homer Street as shown on the map formed the eastern boundary of lot 26 in Block C. Later, in the year 1930, the location of this part of the 16-foot strip, that is, the part lying between lot 26 and the Forest Hills property as above described, was changed by the terms of certain deeds and located on eastern half of lot 26, adjacent to the western half thereof, and a plat, dated 12 March, 1930, showing the change, was registered in Book of Plats 8, page 168, in the office of Register of Deeds of Durham County. On this plat the 16-foot strip is designated "16. ft. alley." Lots were sold and conveyed by James L. Griffin and others with respect, and by reference to the plat registered in Book 6 of plats, page 190, as well as with respect, and by reference in some instances to the plat registered in Book of Plats 8, page 168.

Both plaintiff Elsie E. Broocks and defendant Constance L. Muirhead acquired title to lots in the subdivision, Knollcrest, by *mesne* conveyances from James L. Griffin and others who owned and subdivided it. Plaintiff Elsie E. Broocks purchased lot No. 19 in Block C in January, 1937, and built a dwelling house on it, and she and her husband reside there. Defendant Constance L. Muirhead purchased lots Nos. 23, 24, 25, and western half of No. 26 in Block C in May, 1936. In the deeds to plaintiff Elsie E. Broocks and to defendant Constance L. Muirhead,

respectively, the description of the lots conveyed referred to the 16-foot strip through Block C as a 16-foot alley.

Thereafter, on 8 November, 1937, the executrix of James L. Griffin, deceased, and others, made a deed to Rental Realty Company, conveying therein by specific description a boundary of land "the same being Lots 7, 8, 9, 10, 11, 12, 13 and 14, Block C, and the strip of land 16 feet wide immediately south of said lots, shown as a 16-foot alley, said 16-foot strip of land extending from the northwest corner of lot No. 20 in an easterly direction to the west line of lot No. 85 of the Forest Hill property." Reference is made therein specifically to plat of Knollcrest property recorded in office of Register of Deeds for Durham County in Plat Book 6 at page 190. This deed also contains consent and agreement that "the portion of the 16-ft. alley shown on plat of Knollcrest" recorded as above set forth, "may be abandoned, and said portion of said alley may be closed."

Thereafter, on 29 November, 1937, Rental Realty Company made a deed to defendant Constance L. Muirhead conveying therein by specific description a boundary of land, "the same being lots 11, 12, 13 and 14 and the eastern 16 feet of lot 10, in Block C, as shown on Plat of the Knollcrest property of James L. Griffin and others, recorded in the office of the Register of Deeds for Durham County, and which property includes that portion of the 16-foot alley shown on said plat lying immediately south of the above numbered lots." This deed contains also this statement: ". . . it is understood and agreed that the party of the second part may close that part of said 16-foot alley extending from the northwest corner of lot No. 23 in an easterly direction, to the west line of lot No. 85 of the Forest Hill property." Lot No. 23 is one of the lots acquired by defendant Constance L. Muirhead in May, 1936, as above stated.

Thereafter, by deed dated 30 November, 1937, several parties, who owned "property either in Knollcrest or in that portion of Forest Hills adjoining Knollcrest" after reciting, among other things, that that part of "said 16 foot alley as shown on plat extending from the northwest corner of lot No. 20 in Block C. in an easterly direction to the west line of Forest Hills property has never been opened and has never been used," quitclaimed to defendant Constance L. Muirhead, Rental Realty Company and F. C. Owen and wife "all right, title, and interest which they have, or may have, in and to the following described property" specifically describing by reference to lots and Block C shown on the plat of Knollcrest, that portion of the "16 ft. alley" to which above recital related—particularly releasing to defendant Constance L. Muirhead "the eastern 175 feet of the above described strip," and to Rental Realty Company and F. C. Owen and wife the remaining portion thereof.

Thereafter, on 29 January, 1940, by exchange of deeds Rental Realty Company and F. C. Owen and wife quitclaimed to defendant Constance L. Muirhead, and she and her husband quitclaimed to Rental Realty Company and F. C. Owen and wife "all right, title and interest which they have, or may have, in and to" the parts of the alley as particularly released to them respectively as above set forth, "with the express privilege of abandoning said alleyway."

Defendant, Constance L. Muirhead, having thus acquired title to lots on both sides of that portion of the 16 foot strip of land, designated in the deeds an alley, extending east from the northwest corner of lot 23 in Block C, and having, by *mesne* conveyance, obtained consent of the original owners, and of some parties who owned lots in Knollcrest, but not of plaintiff Elsie E. Broocks, and perhaps not of others, built two brick walls which the evidence discloses are "probably several feet high" across the alleyway, with a fence on one of the walls, which the evidence discloses was probably "6 or 8 feet high." The fence, however, was later taken down. She has also planted shrubbery and has a badminton court on the 16 foot alley. And she has constructed a home upon her property. The 16 foot alley is open from Fairview Street to the lot of plaintiff Elsie E. Broocks. But that part back of the three fifty foot lots which lie between her lot and those of defendant, Constance L. Muirhead, is covered with underbrush and trees and is not in condition for vehicles to travel thereon.

These issues were submitted to and answered by the jury as shown:

"1. Was the 16-foot strip of land extending eastwardly from Fairview Street through Block C as shown on map of Knollcrest appearing in Book 6, page 190, dedicated as a public alley, as alleged in the complaint? Answer: Yes.

"2. If so, is the plaintiff entitled to the easement right of ingress and egress to, over and upon said alleyway? Answer: Yes."

The court thereupon signed judgment in accordance with verdict, and granted injunction as prayed. Defendants appeal to Supreme Court and assign error.

*H. C. Hedrick for plaintiffs, appellees.*
*J. L. Morehead for defendants, appellants.*

WINBORNE, J. While three questions are presented on this appeal by defendants, all of them are answered by applying the principles of dedication or equitable estoppel, and of incident remedy.

When the owner of land has it subdivided and platted into lots, streets and alleys, and sells and conveys the lots or any of them with reference to the plat, he thereby dedicates the streets and alleys, and all of them,

to the use of the purchasers and those claiming under them, and of the public. See *Ins. Co. v. Carolina Beach,* 216 N. C., 778, 7 S. E. (2d), 13, and authorities cited.

In *Hughes v. Clark,* 134 N. C., 457, 46 S. E., 956, it is stated that "Where lots are sold and conveyed by reference to a map or plat which represents a division of a tract of land into subdivisions, streets and lots, such streets become dedicated to the public use, and the purchaser of a lot or lots acquires the right to have all and each of the streets kept open, and it makes no difference whether the streets be in fact open or accepted by the governing board of the towns or cities if they be within municipal corporations." To the same effect are other decisions, among which are *Green v. Miller,* 161 N. C., 24, 76 S. E., 505; *Sexton v. Elizabeth City,* 169 N. C., 385, 86 S. E., 344; *Wittson v. Dowling,* 179 N. C., 542, 103 S. E., 18. In the *Sexton case, supra,* it is stated: "The reason for the rule is that the grantor, by making such a conveyance of his property, induces the purchasers to believe that the streets and alleys, squares, courts and parks will be kept open for their use and benefit, and having acted upon the faith of his implied representations, bases upon his conduct in platting the land and selling accordingly, he is equitably estopped, as well in reference to the public as to his grantees, from denying the existence of the easement thus created." And again in the same case: "It is held that the original grantor, who sold by the map or diagram of the land as laid out into blocks and lots, streets and avenues, *and those claiming under him,* are estopped to deny the right of prior purchasers of lots to an easement in the streets represented on the map; but it is not a strict estoppel but one arising out of the conduct of the party who originally owned the land and platted it for the purpose of selling lots, and is predicated upon the idea of bad faith in him, or those claiming under him, with knowledge of the facts, or with notice thereof, either express or constructive, to repudiate his implied representation that the streets and alleys, parks and places will be kept open and unobstructed for the use of those who buy from him."

Also in *Wittson v. Dowling, supra, Hoke, J.,* expressed the principle in this way: "It is the recognized principle here and elsewhere, that when the owner of suburban property or other has the same platted, showing lots, parks, streets, alleys, etc., and sells off the lots of any of them, in reference to the plat, this, as between the parties, will constitute a dedication of the streets, etc., for public use, although not presently opened or accepted or used by the public."

And in *Conrad v. Land Co.,* 126 N. C., 776, 36 S. E., 282, an action to enjoin defendant from dividing up and selling of an open square, and from closing up or narrowing the streets leading to and surrounding it, this Court in sustaining the injunction, said: "The plaintiffs had been

induced to buy upon the map and plat, and the same was based not merely on the price paid for the lots, but it was the further consideration that the streets and public grounds designated on the map should further be kept open to the purchasers and their heirs."

Applying these principles to the factual situation in hand, the first contention of defendants that the court erred in refusing to grant their motion for judgment as of nonsuit for that there is no allegation or proof of "any special, particular, or peculiar injury of a substantial nature" to plaintiff by reason of acts of defendants of which complaint is made, is met by the holding of this Court in *Hughes v. Clark, supra,* where it is declared that "if the streets be obstructed there is created thereby a public nuisance, and each purchaser can, by injunction or other proper proceedings, have the nuisance abated, as there is in all such cases an irrebuttable presumption of law that any complaining purchaser of a lot or lots has suffered peculiar loss and injury."

In this connection it must be borne in mind that plaintiff, Elsie E. Broocks, is not asserting rights enjoyed by the general public. She is asserting rights which were acquired when she purchased, and by reason of her purchase of lot 19 in Block C with reference to the map of Knollcrest subdivision. By such purchase she acquired the appurtenant right to use the 16 foot alleyway, and to have same kept open and freed of obstruction for her use. So far as she, as a purchaser, is concerned, the dedication of the alleyway was complete, irrespective of whether it was opened and accepted by the governing body of the city for public use. In such case an irrebuttable presumption of law arose that she "has suffered peculiar loss and injury."

The second contention of defendants is that the court erred in enjoining the defendants from interfering with any rights of plaintiffs to use the strip of land in question, in the absence of allegation or proof, or finding that defendants are interfering with any such rights of plaintiffs.

The original owners, having sold lots with reference to the plat, which they caused to be made and registered, as well as those claiming under them, are estopped to deny, as against purchasers of lots, the existence of the easement in and to the alleyway and the right of plaintiff, as a purchaser of a lot with relation to the plat, to use the alleyway and to have it kept open and freed of obstruction so that she can use it. A denial of the right to use the alleyway would conceivably materially affect the selling value of plaintiff's lot. Moreover, the plaintiffs allege in their complaint, and defendants admit in their answer that defendant Constance L. Muirhead has built and is maintaining two brick walls, in the language of the answer, "across what plaintiff contends is an alleyway," and that defendants have built a fence, planted shrubbery, and made a badminton court on what plaintiffs contend is an alleyway. The jury finds with

plaintiffs' contention. But defendants contend that as that part of the alleyway between their lots and plaintiff's lot is not now open and in condition to be used by vehicular traffic, the brick walls, etc., have not interfered with use of the alleyway by plaintiffs. Even though such condition exists, the record fails to show that plaintiffs have done anything to deprive plaintiff Elsie E. Broocks of her right to the use of the alleyway, and to the extent that the brick walls are an obstruction defendants are interfering with the use of the alleyway. And the remedy of injunction is available to her. Pertinent thereto, it is held in the case of *Wheeler v. Construction Co.,* 170 N. C., 427, 87 S. E., 221, that "platting into lots and streets and selling the lots by reference to the map, dedicates the streets thereon to the public in general and to the purchaser of lots in particular"; that "injunction is the proper remedy," and that "the obstruction and closing up the street creates a nuisance, and each purchaser can, by injunction, or other proper proceeding, have the nuisance abated."

The third contention of defendants is that, there being no allegation, or proof or finding that defendants have placed any obstructions upon the strip of land which has prevented the use of it by plaintiffs, the court erred in directing defendants to remove all obstructions which they placed upon same. What is said above with regard to the second contention applies with equal force here, and, hence, we hold that the court properly ruled.

Furthermore, the charge of the court fairly presented the case, and there is no error in refusing to charge as requested by defendants.

The authorities relied upon by defendants may not be applied to facts of the present case. We find

No error.