W. A. FOSTER AND WIFE, MABEL FOSTER, v. J. WILSON ATWATER.

(Filed 5 June, 1946.)

1. **Dedication § 4—**

When land is divided into lots according to a map thereof, showing streets, alleys and parks, and lots are sold with reference to the map, the owner thereby dedicates the streets, alleys and parks to the use of those who purchase the lots, and also under some circumstances to the public.

2. **Dedication § 6—**

Where land impliedly dedicated has not been actually opened or used nor public or private easement claimed therein for twenty years, and the land is not necessary for ingress, egress or regress to lots sold, a declaration of withdrawal from dedication in accordance with G. S., 136-96, on the part of those holding under the original owner, is effective, and no claim of public or private easement under the dedication may thereafter be enforced.

APPEAL by defendant from *Frizzelle, J.,* at April Term, 1946, of ALAMANCE. Affirmed.

Action for specific performance of contract to purchase land. Payment was resisted on the ground that plaintiffs could not convey a good title.

From judgment holding the title good, and decreeing that defendant accept the tendered deed and pay the agreed price, defendant appealed.

*Long & Long, J. Elmer Long, and Clarence Ross for plaintiffs, appellees.*

*C. C. Cates, Jr., for defendant, appellant.*

DEVIN, J. The defendant based his refusal to pay the purchase price for the land described in the contract upon the ground that the land, consisting of four acres unimproved land, was included in a larger area which had been by a former owner subdivided into lots and streets, according to a recorded map, and that this constituted a dedication of the land in controversy to public use or private easement as a parkway.

Plaintiffs insisted, however, that on the described land no streets or lots had been laid off, and that on the map the four-acre tract was desig-

nated only as "Willowbrook"; and further that plaintiffs as successors in title had duly filed and recorded a declaration of withdrawal of the four acres from dedication, in accord with the statute, G. S., 136-96.

The judgment below in favor of the plaintiffs was predicated upon an agreed statement of facts. From this it appears that in 1925 the Mebane Real Estate & Trust Co., the owner of a tract of land (including the four acres described), subdivided it into lots and streets and platted it under the name of "Central Heights." At that time this property was situated outside the corporate limits of the City of Burlington but by recent extension is now within the city limits. No part of the 4 acres was subdivided into lots, nor has it been laid out or referred to as a park, or otherwise than as "Willowbrook." In 1927 the Mebane Real Estate & Trust Co. executed a deed of trust on the 4 acres to a corporate trustee to secure certain notes, and subsequently both the Mebane Company and the trustee became bankrupt, and the property in question was sold under direction of the U. S. Court, and by *mesne* conveyances title thereto passed to the plaintiffs. No park has ever been laid out, planned or constructed on this land, or used or developed for public or private use, nor has anyone sought to enforce or claim any easement thereon. No part of this land is necessary for ingress or egress to or from any other part of the real property shown in the subdivisions. Plaintiffs and their predecessors in title have used the premises for their own purposes, openly and adversely without objection, either public or private. If the inclusion of the four acres in the tract of land, of which a portion was subdivided, be understood to indicate its possible use as a park, if accepted and developed, the plaintiffs in accordance with the statute have now filed formal declaration of withdrawal from dedication, the land not having been actually opened or used by the public within twenty years from the recording of the map.

The principle is well settled that when land is divided into lots according to a map thereof, showing streets, alleys and parks, and lots are sold with reference to the map, the owner thereby dedicates the streets, alleys and parks to the use of those who purchase the lots, and also under some circumstances to the public. *Sexton v. Elizabeth City,* 169 N. C., 385, 86 S. E., 344; *Elizabeth City v. Commander,* 176 N. C., 26, 96 S. E., 736; *Stephens Co. v. Homes Co.,* 181 N. C., 335, 107 S. E., 233; *Irwin v. Charlotte,* 193 N. C., 109, 136 S. E., 368; *Somersette v. Stanaland,* 202 N. C., 685, 163 S. E., 804. But where the land so impliedly dedicated has not been actually opened or used for twenty years, and no person has asserted public or private easement thereon within the period fixed by the statute, or at any other time, and the land is not necessary for ingress, egress or regress to lots sold, effect is given by statute to the filing of a declaration of withdrawal of the land from

dedication on the part of those holding under the original owner, and the dedication of the land is conclusively presumed to have been abandoned, and no claim of easement, public or private, may thereafter be enforced. *Sheets v. Walsh*, 217 N. C., 32, 6 S. E. (2d), 817; *Irwin v. Charlotte*, 193 N. C., 109, 136 S. E., 368.

It will also be observed that it does not appear that on the four acres of land in question any streets or alleys were ever laid off or that the land itself was designated on the map or otherwise held out as a park.

We think the court below, upon the facts agreed, correctly ruled that the plaintiffs could convey a good title to the land in question, unencumbered by public or private easement, and the judgment is

Affirmed.