H. R. RUSSELL AND WIFE, MERIAL W. RUSSELL, v. GEORGE W. COGGIN AND WIFE, MRS. GEORGE W. COGGIN.

(Filed 22 November, 1950.)

**1. Dedication § 5—**

Where the owner of lands subdivides and sells same by block and lot number with reference to a plat showing streets therein, a purchaser of lots acquires only an easement in the streets notwithstanding that he may purchase all the lots on both sides of a particular street and notwithstanding that a deed in *mesne* conveyances from the original owner purports to convey the fee to the center of one of the streets.

**2. Dedication § 6—**

Where individual owners of lands subdivide and sell same by block and lot number with reference to a plat showing streets therein, they retain the fee in the streets subject to the easement thus dedicated to the public in general and to the private owners of adjacent lots in particular, and are the only parties entitled to withdraw the streets from dedication when the streets have not been used for twenty years subsequent to such dedication and are not necessary for ingress and egress to any of the lots sold. G.S. 136-96.

**3. Same—**

The only instance in which owners of adjacent lots may be deemed to have anything more than an easement in abandoned streets sought to be withdrawn from dedication is when such streets were dedicated by a corporation which has become nonexistent. G.S. 136-96.

APPEAL by plaintiffs from *Bobbitt, J.,* April Term, 1950, of MONT-GOMERY.

Action to remove a cloud from the title to plaintiffs' land.

The facts pertinent to this appeal are as follows:

1. Jonah and Ernest Leach owned a tract of land, in fee simple, in the town of Star, Montgomery County, N. C., which they subdivided in 1917 into blocks and lots, laid out streets between the blocks; and had the plats of the subdivision recorded in the office of the Register of Deeds for Montgomery County, in Book of Maps No. 1, at pages 36, 37, *et seq.*

2. On 10 October, 1946, Jonah Leach and the heirs at law of Ernest Leach (Ernest Leach having died intestate), executed an instrument

withdrawing from dedication the street between Block 1 and Block 4 of the subdivision, pursuant to the provisions of G.S. 136-96, which instrument was duly recorded; and on 7 August, 1949, by similar instrument the same parties withdrew from dedication a street shown on the map as Monroe Street, together with other streets, which instrument was also duly recorded.

3. The plaintiff H. R. Russell, by *mesne* conveyances from the Leaches, purchased in 1949 all of Block No. 1, of the Leach subdivision except lots 1 and 2, and Blocks Nos. 12 and 13. According to the allegations of the complaint, the grantor in Russell's deed undertook to convey to him one-half of the street lying between Block 1 and Block 4.

4. The defendant George W. Coggin, by *mesne* conveyances from the Leaches, owns certain property in Block 4. And on 10 October, 1946, Jonah Leach and the heirs of Ernest Leach conveyed the land which they withdrew from dedication between Blocks 1 and 4, to one D. H. Cochrane, and Cochrane conveyed the property by warranty deed to the defendant, George W. Coggin, on 26 May, 1949. These conveyances have been duly recorded as required by law.

5. All conveyances made by the original grantors, as well as those made by Jonah Leach and the heirs of Ernest Leach, were made by Block and lot number, as shown on the various plats, and did not purport to convey any portion of the street or streets adjacent to said lot or lots, except the land withdrawn from dedication.

The plaintiffs contend (1) that the certificates of withdrawal are null and void; and (2) that in any event they own to the center of the streets adjacent to their property, subject to whatever easement the public and other lot owners in the subdivision may have in the streets.

At the close of plaintiffs' evidence the defendants moved for judgment as of nonsuit. Motion allowed, and plaintiffs except and appeal.

*Carrol & Steele for plaintiffs.*
*Currie & Garriss for defendants.*

DENNY, J. It is now well settled the dedication of a street may not be withdrawn, if the dedication has been accepted and the street or any part of it is actually opened and used by the public. *Insurance Co. v. Carolina Beach,* 216 N.C. 778, 7 S.E. 2d 13; *Broocks v. Muirhead,* 223 N.C. 227, 25 S.E. 2d 889. Moreover, "where lots are sold and conveyed by reference to a map or plat which represent a division of a tract of land into subdivisions or streets and lots, such streets become dedicated to the public use, and the purchaser of a lot or lots acquires the right to have all and each of the streets kept open; and it makes no difference whether the streets be in fact opened or accepted by the governing boards

of towns or cities if they lie within municipal corporations. There is a dedication, and if they are not actually opened at the time of the sale they must be at all times free to be opened as occasion may require." *Hughes v. Clark,* 134 N.C. 457, 47 S.E. 462; *Wheeler v. Construction Co.,* 170 N.C. 427, 87 S.E. 221; *Elizabeth City v. Commander,* 176 N.C. 26; 96 S.E. 736; *Stephens Co. v. Homes Co.,* 181 N.C. 335, 107 S.E. 233.

However, it is provided in Chapter 174 of the Public Laws of 1921, as amended by Chapter 406 of the Public Laws of 1939, and now codified as G.S. 136-96, that land "dedicated to public use as a road, highway, street, avenue, or for any other purpose whatsoever, by any deed, grant, map, plat, or other means, which shall not have been actually opened and used by the public within twenty years from and after dedication thereof, shall be thereby conclusively presumed to have been abandoned by the public for the purposes for which the same shall have been dedicated; and no person shall have any right, or cause of action thereafter, to enforce any public or private easement therein, . . . Provided . . . the dedicator, or those claiming under him, shall file and cause to be recorded in the register's office of the county where said land lies a declaration withdrawing such strip, piece or parcel of land from the public or private use to which it shall have theretofore been dedicated in the manner aforesaid, . . ."

Withdrawals of the dedication of land for public purposes, pursuant to the provisions of the above statute, have been approved by this Court, where the road, street, highway, avenue or park had not been actually opened and used by the public within twenty years from and after the dedication thereof. *Irwin v. Charlotte,* 193 N.C. 109, 136 S.E. 368; *Foster v. Atwater,* 226 N.C. 472, 38 S.E. 2d 316. See also *Pritchard v. Fields,* 228 N.C. 441, 45 S.E. 2d 575. Where land was dedicated for street and highway purposes and such street or highway is necessary to afford convenient ingress and egress to any parcel of land sold and conveyed by the dedicator of such street or highway prior to 8 March, 1921, the dedication may not be withdrawn under the provisions of the statute. *Evans v. Horne,* 226 N.C. 581, 39 S.E. 2d 612.

The plaintiffs allege in their complaint that the certificates, purporting to withdraw from dedication the streets referred to herein, were sufficient in law to accomplish that purpose had the persons, purporting to withdraw them from dedication, been the owners thereof. There is no contention that the streets in controversy have been opened or used by the public or by the private owners of lots lying adjacent thereto, at any time.

It appears from the record that Jonah Leach, one of the original grantors, and the heirs at law of Ernest Leach, the other original grantor, were the parties who executed the certificates withdrawing the streets

involved from dedication. And since it further appears that these grantors, prior to the execution of the withdrawal certificates never conveyed any property in the subdivision except by block and lot number, they were the only parties who had the legal right, under the statute, to withdraw the streets from dedication.

The only instance in which the adjacent owners of lots in a subdivision, like the one under consideration, may be deemed to own any right, title or interest in a dedicated street, except an easement therein, is where the street was dedicated by a corporation which has become nonexistent. *Sheets v. Walsh,* 217 N.C. 32, 6 S.E. 2d 817; G.S. 136-96.

The case of *Patrick v. Jefferson Standard Life Ins. Co.,* 176 N.C. 660, 97 S.E. 657, upon which the plaintiffs rely, is not applicable to the facts disclosed on this record. There an alleyway had been reserved in a deed as appurtenant to the use of the land and the grantee thereafter acquired the fee simple title to the dominant and servient estates. The Court held that when these estates were merged, the easement in the alleyway being no longer necessary was extinguished, and the alleyway became a part of the merged estate.

In applying the provisions of G.S. 136-96 and our decisions applicable to the facts in this case, we hold that the purchasers of lots in the Leach subdivision, by block and lot number, acquired no right, title or interest in and to the streets in the subdivision, except an easement therein for the purposes of ingress and egress to and from their respective lots, which easement had been granted to the public in general and to the purchasers of the lots in particular. It follows, therefore, that when the streets were not opened and "used by the public within twenty years from and after the dedication thereof," there being no allegation to the effect that the closed streets are necessary for purposes of ingress and egress to and from plaintiffs' lots, the streets were conclusively presumed to have been abandoned by the public upon the filing and recording of the withdrawal certificates, as required by the statute, and no public or private easement may now be asserted thereto. The plaintiffs are not entitled to the relief they seek, and the judgment as of nonsuit is

Affirmed.