W. H. ROWE and HERMINE S. ROWE v. CITY OF DURHAM, a Municipal Corporation.

(Filed 27 February, 1952.)

**1. Dedication § 4—**

Sale of lots by deeds referring to a registered plat showing streets is but an offer of dedication as far as the public is concerned and is not a completed dedication to the municipality until such offer is accepted.

**2. Dedication § 6—**

An offer of dedication by sale of lots with reference to a registered plat may be withdrawn at any time before acceptance as far as the rights of the municipality are concerned, and sale of the land by the dedicator without reference to streets or lots is a withdrawal.

**3. Dedication § 4—**

A municipality is without power to accept an offer of dedication of a street which lies beyond its territorial limits.

**4. Dedication § 6—**

The owner of land subdivided same and sold lots therein with reference to a registered plat showing streets. Thereafter the owner sold a parcel of the land on the outskirts of the tract without reference to streets or the registered plat. Later all the land was incorporated into the city by an extension of its limits. *Held:* The offer of dedication as to the parcel sold without reference to streets was withdrawn by the dedicator before the dedication could have been accepted by the municipality, and therefore the municipality may not assert any rights in streets in such parcel.

Appeal by plaintiffs from *Hatch, Special Judge,* April 1951 Civil Term, Durham.

Civil action to determine the rights of the parties with respect to a strip of land now situate in the corporate limits of the City of Durham.

A statement of the pertinent facts is as follows: On and prior to March, 1918, Mrs. S. K. Hester owned 70⅔ acres of land situate beyond

the western limits of the city of Durham. In March, 1918, Mrs. Hester caused the tract of land to be subdivided and platted into the "Hester Subdivision," plat of which was made by J. B. Harding, engineer, and is of record in Plat Book 5, at page 61, Durham County Registry. On said plat there appear the outlines of several streets, some of which run generally east and west, while others run generally north and south. Of the streets running generally north and south, Alabama Street is farthest west, and of those running generally east and west, Woodrow Street is most southerly. The parcel of land in question is 50 feet wide and 150.5 feet long lying between the border lines of Woodrow Street if extended west of Alabama Street.

On 30 April, 1918, Mrs. Hester by power of attorney appointed W. D. Hester her attorney-in-fact with full authority to sell any and all of said 70⅔ acres of land upon such terms and conditions as he deemed advisable, which power of attorney was duly recorded and is of record in Book 54, at page 412. Pursuant to such authority, W. D. Hester conveyed a number of lots by number and reference to said plat to various persons, all of which deeds are duly and properly recorded. Each of the lots conveyed by W. D. Hester, attorney-in-fact, lies east of Alabama Street.

On 10 June, 1918, Mrs. Hester conveyed to W. D. Hester by metes and bounds description and without reference to any plat or subdivision a tract containing 3.28 acres, being all of that portion of the 70⅔ acres lying west of Alabama Street as shown on the "Hester Subdivision." The parcel of land in question was included in this 3.28 acre tract. This deed was duly recorded on 21 March, 1919, and is of record in Book 56, at page 151.

In December, 1922, W. D. Hester caused to be made and recorded in Plat Book 3, at page 190, a plat of a 14.65 acre tract of land lying west of and adjacent to Alabama Street, which tract includes the said 3.28 acre parcel. This plat shows Woodrow Street intersecting Alabama Street from the east but not crossing to the west thereof, and does not designate the land in question as a part of Woodrow Street.

On 11 December, 1922, W. D. Hester conveyed to George B. Whitted without reference to the plat of the "Hester Subdivision" the said 14.65 acre tract. The Whitted deed is of record in Book 67, at page 259.

In December, 1923, George Whitted subdivided the said 14.65 acre tract, thereby showing the 3.28 acre tract as lots numbered 1 to 19, inclusive. The plat of this subdivision is known as the "Geo. B. Whitted Home Place" and is recorded in Plat Book 3, at page 3. The street appearing as Alabama Street on the "Hester Subdivision" is designated as Alabama Avenue on the Whitted plat. This plat makes no reference to the "Hester Subdivision," nor does it show the outline of any street extending west of

Alabama Avenue. It is admitted that Lot No. 19 on the Whitted plat is the lot in dispute.

It is also admitted that none of the land hereinbefore referred to was within the corporate limits of the city of Durham until the fall of 1925, when the City limits were extended westward. The plaintiff claims the lot in question as a successor in title under Mrs. S. K. Hester. Alabama Avenue was paved after the property shown on the "Hester Subdivision" was included in the corporate limits of the city of Durham.

A trial by jury was waived and by consent the presiding judge found the facts. The court held that the recordation of the plat of the "Hester Subdivision" constituted a dedication of the lot in question for street purposes and that the conveyance of all the property lying west of Alabama Street as shown on the plat of the "Hester Subdivision" by Mrs. Hester did not constitute a withdrawal of said lot from her offer of dedication.

From the judgment rendered accordingly, plaintiff appealed, assigning errors.

*Brawley & Brawley for plaintiffs, appellants.*
*Claude V. Jones for defendant, appellee.*

VALENTINE, J. This litigation, stripped to its essentials, questions the right of Mrs. S. K. Hester to withdraw the lot in question from her offer of dedication arising from the recordation of the plat of the "Hester Subdivision." Only the city of Durham is attempting to assert any rights against the plaintiffs with respect to the property in question.

It is true that a purchaser of a lot which has been sold by reference to a subdivision, a plat of which has been recorded, acquires the equitable right to have the street appearing on the map opened for his benefit. *Hughes v. Clark,* 134 N.C. 457, 47 S.E. 462; *Conrad v. Land Co.,* 126 N.C. 776, 36 S.E. 282; *Green v. Miller,* 161 N.C. 24, 76 S.E. 505; *Sexton v. Elizabeth City,* 169 N.C. 385, 86 S.E. 344; *Wheeler v. Construction Co.,* 170 N.C. 427, 87 S.E. 221; *Elizabeth City v. Commander,* 176 N.C. 26, 96 S.E. 736; *Wittson v. Dowling,* 179 N.C. 542, 103 S.E. 18; *Stephens Co. v. Homes Co.,* 181 N.C. 335, 107 S.E. 233; *Broocks v. Muirhead,* 223 N.C. 227, 25 S.E. 2d 889.

However, "as between an owner of land and the public, the mere sale of lots with reference to a map or plat showing streets is not alone sufficient to constitute an irrevocable dedication to the public. Acceptance by the public is necessary." Thompson on Real Property, Vol. 2, section 493.

An offer to dedicate property as a street or park is revocable until the offer is accepted. Neither burden nor benefits may be imposed upon the public unless some agency authorized to do so has assumed responsibility under the offer of dedication. *Irwin v. Charlotte,* 193 N.C. 109, 136 S.E. 368.

An offer of dedication is revokable as far as a municipality is concerned, unless there has been an acceptance of the offer prior to the withdrawal thereof. An offer of dedication is withdrawn if before the acceptance of the offer the dedicator sells the land including the alleys or streets appearing on the plat as a tract of land without reference to the streets or lots. *Kennedy v. Williams,* 87 N.C. 6; *Stewart v. Frink,* 94 N.C. 487; *S. v. Long,* 94 N.C. 896; *S. v. Fisher,* 117 N.C. 733, 23 S.E. 158; *Sugg v. Greenville,* 169 N.C. 606, 86 S.E. 695; *Wittson v. Dowling, supra; Irwin v. Charlotte, supra; R. R. v. Ahoskie,* 202 N.C. 585, 163 S.E. 565; *Gault v. Lake Waccamaw,* 200 N.C. 593, 158 S.E. 104; *Lee v. Walker,* 234 N.C. 687, 68 S.E. 2d 664.

Speaking to the identical question here presented, this Court has said: "We think there is a distinction between land that is in a municipality mapped and platted and deeds made to the lots in which streets, squares and commons are dedicated and accepted by the municipality, and land that is mapped or platted and deeds made to the lots in which streets, squares and commons are dedicated outside a municipality. . . . 'The intention of the owner to dedicate and acceptance thereof by the public are the essential elements of a complete dedication. . . . The general rule, however, seems to be that the platting of land and the sale of lots pursuant thereto constitute a dedication, if it may be so called, of the public places delineated upon the plat only as between the grantor and purchaser, and that, so far as the municipality is concerned, such acts amount to a mere offer of dedication, and there is no complete dedication without an acceptance of some kind by the municipality.' " *Gault v. Lake Waccamaw, supra* (pp. 598, 599).

A municipality is without power to accept an offer of dedication of a street which lies without its territorial limits. *St. Louis v. St. Louis University,* 88 Mo. 155, 159. "In Elliott on Roads and Streets, Vol. 1, 4th Ed., part sec. 122, at p. 140, is the following: 'Dedication is the setting apart of land for the public use. It is essential to every valid dedication that it should conclude the owner, and that, as against the public, it should be accepted by the proper local authorities or by general public user.' " *Gault v. Lake Waccamaw, supra* (bottom p. 600).

When the map of the "Hester Subdivision" was placed on record, it constituted an offer to dedicate as a part of a public street the lot of land in question, but, when on 10 June, 1918, the dedicator conveyed all the land west of Alabama Avenue by metes and bounds description without reference to any streets or lots or plat, she, by this action, withdrew her offer of dedication. At that time the city of Durham had no jurisdiction over the land covered by the "Hester Subdivision" and therefore had no authority to accept the offer of dedication at the time it was made or at any time before it was withdrawn. Nothing done or attempted by the

city of Durham can have the effect of reviving the offer of dedication, which was effectively withdrawn long before the territorial limits of the municipality were extended to include the "Hester Subdivision." It follows, therefore, and we hold that the city of Durham acquired no rights by virtue of the offer of dedication in the land west of Alabama Street situate between the parallel lines of Woodrow Street as shown on the plat of the "Hester Subdivision."

The judgment of the court below is set aside and the cause is remanded for judgment in accord with this opinion.

Reversed.