Z. D. OWENS, M.D., FLOID E. OWENS AND WIFE, ARNETTE B. OWENS,
v. WALLACE TAYLOR, C. R. TAYLOR AND ROBERT O. KLEIN

No. 68DC194

(Filed 14 August 1968)

1. Dedication § 1— what constitutes dedication of streets — recordation of plats

As a general rule, where lots are sold and conveyed by reference to a map or plat which represents a division of a tract of land into subdivisions of streets and lots, such streets become dedicated to public use, and the purchaser of the lot or lots acquires the right to have all and each of the streets kept open.

**2. Dedication § 1— dedication of road — sufficiency of evidence**

In an action by plaintiffs to recover damages for trespass to a parcel of land and to have plaintiffs declared the owners thereof, the evidence was to the effect that the disputed land was a road which was bounded on either side by the lots of the plaintiffs, that the owners of the subdivision in which the plaintiffs purchased their lots recorded three plats showing the lots of the subdivision together with the road, that the plaintiffs purchased the lots with reference to the recorded plats, that the road provides the only access to a river by other owners of lots in the subdivision, and that the State Highway Commission included the road in its map of the highway system, undertook the maintenance of the road, and had erected at the request of one plaintiff a stop sign and barricade at the end of the road. *Held:* There was no error in the granting of defendants' motion for judgment as of nonsuit on the ground that the plaintiffs have failed to establish any rights in the property, there being plenary evidence to show acceptance of the offered dedication of the road by the State Highway Commission and there being no evidence that the Commission has formally abandoned the road pursuant to G.S. 153-9(17).

**3. Dedication § 2— acceptance of dedication — sufficiency of evidence**

There is plenary evidence to show acceptance by the State Highway Commission of the offered dedication of a road where (1) a highway commissioner testified that during his tenure the road was on the map of the highway system, (2) a highway engineer testified that the road was being worked by State forces when he came into the highway district, and (3) a barricade and stop sign had been erected by the Commission at the end of the road at the request of an adjacent landowner.

APPEAL from *Privott, J.,* 26 February 1968 Session District Court.

Plaintiffs and defendants all reside at Taylor's Beach in Camden County. Plaintiff, Dr. Owens, owns Lot #10 and plaintiffs, Floid Owens and wife, own Lot #21 of what is known as Taylor's Beach. Both lots are described with reference to plats of Taylor's Beach of record in the Camden County Registry. Both are described with reference to a lane or 20-foot road.

In the deed to Dr. Owens and wife (now deceased), the property conveyed is described as follows:

"Known and designated as Lots Nos. Nine (9) and Ten (10) on the plat of lots surveyed by David Cox, Sr., registered engineer, for Carey Taylor, August 5, 1942, which said plat is duly recorded in the Office of the Register of Deeds for Camden County, North Carolina, in Deed Book 25, page 118, to which said map reference is hereby had for a more particular description of said lots. Said lots front 100 feet on the Pasquotank River and extend back between parallel lines 150 feet to Riverview Avenue, and bounded on the North by Riverview Avenue;

on the East by a twenty-foot road, a prolongation of the lane leading from Shiloh Highway to the Taylor home; on the South by the Pasquotank River; and on the West by Lot No. 8, on said plat."

In the deed to Floid E. Owens and wife, Arnette B. Owens, the property conveyed is described as follows:

"Situated on the West side of Riverview Avenue at what is known as Taylor's Beach in Camden County, and being lot #21 on plat #3 of said Taylor's Beach of record in the office of Register of Deeds of Camden County, and more particularly described as follows:

"Beginning on the lane leading to the highway to Shiloh, at the river, and running thence an Eastwardly course along said lane 155 feet to Riverview Avenue, thence Southwardly along Riverview Avenue 100 ft. thence Westwardly 150 ft. to Pasquotank River, thence Northwardly along said river 175 ft. to said lane, the place of beginning,".

The 20-foot lane or road is the property in dispute. In their complaint, plaintiffs describe the lane or road as a parcel of land 20 by 150 feet, allege they are the owners thereof, that defendants have trespassed thereon by placing posts on the land and by breaking or causing to be broken portions of a seawall or bulkhead placed there by plaintiffs and by causing a ramp to be built extending from the lot in question out in the water. Plaintiffs asked for a restraining order and damages in the amount of $4,000.00.

Defendants answered, admitting the ownership by Dr. Owens of Lot #10 and the ownership of Floid Owens and wife of Lot #21, but denying their ownership of the lane or road between them; defendants averred that the land in question fronting on the Pasquotank River and extending back to Riverview Avenue was left open for the use of persons owning lots within the development for access to the river, particularly those owning lots not fronting on the river. Defendants further answering, alleged that plaintiffs had no right or claim to the land except the same right to use it as all other persons owning property in Taylor's Beach; that by instituting this action and restraining the defendants from use of the land and preventing their development of it for their use plaintiffs have damaged defendants in the sum of $4,000.00. Defendants asked for a restraining order.

The court, on the hearing, entered an order modifying the restraining order obtained by plaintiffs to the extent that "neither plaintiffs nor defendants . . . shall commit any acts of ownership

on the 20 by 150 feet parcel of land described in the complaint, except plaintiffs may continue to mow grass and that both plaintiffs and defendants may pass over the said 20 by 150 feet parcel of land until the final determination of this case."

When the matter came on for trial, defendants moved for judgment as of nonsuit at the close of plaintiffs' evidence. The motion was granted, and plaintiffs appealed.

*John T. Chaffin for plaintiff appellants.*

*J. W. Jennette for defendant appellees.*

MORRIS, J.

Plaintiffs contend that their deeds convey to them the fee in the lane or road, and they, therefore, have standing to seek to restrain defendants from trespassing. Upon this premise, they argue that the evidence was sufficient to allow the case to go to the jury for assessment of damages.

[1, 2]     We cannot agree with plaintiffs' contention with respect to their rights in and to the property in question.

Plaintiffs introduced deeds carrying their title back to a common source beyond defendant Carey Taylor who at one time owned the lots as part of land which he developed as Taylor's Beach. Plaintiffs also introduced three maps. One map was made in 1942, is recorded in Deed Book 25 at pages 118 and 119, Camden County Registry. This map shows Lots 1-10 each fronting 50 feet on the Pasquotank River and running back a depth of 150 feet between parallel lines to a 20-foot road. Lot #10 is bounded on the southeast by a 20-foot road. The map is entitled "Cary S. Taylor lots". The map dated December 16, 1943, entitled "lots of Carey Taylor", recorded in Deed Book 25 at page 438, Camden County Registry, shows Lots 11-20. These lots front on Riverview Avenue and run back a depth of 165 feet between parallel lines. Lot #20 is bounded by a lane on the south, but no width thereof is shown. This lane is the same lane as is shown in the 1942 map as having a width of 20 feet. Riverview Avenue is the 20-foot road shown on the 1942 map running along the easterly side of Lots 1-10. The 1945 map entitled "Plat #3 showing Taylor's Beach", and recorded in Plat Book #2 at page 16, Camden County Registry, shows numbered Lots 21-43 fronting on the Pasquotank River and having various depths and widths. All of them run back from the river to Riverview Avenue. Lot #21, the northernmost lot, is bounded by a 20-foot lane. This is the same lane shown on the 1942 and 1943 maps. Riverview Avenue

is the same street shown on the 1942 and 1943 maps. It appears that the only access to the Pasquotank River by owners of lots fronting on Riverview Avenue would be the 20-foot lane shown on all three maps.

> "As a general proposition, where lots are sold and conveyed by reference to a map or plat which represents a division of a tract of land into subdivisions of streets and lots, such streets become dedicated to public use, and the purchaser of the lot or lots acquires the right to have all and each of the streets kept open." *Wofford v. Highway Commission,* 263 N.C. 677, 683, 140 S.E. 2d 376.

[3]    J. Emmett Winslow, called by plaintiffs, testified that the 20 by 150 foot parcel in dispute was on the map of the highway system during his tenure as Highway Commissioner from 1953 to July 1957. George K. Mack, a retired District Engineer for the North Carolina State Highway Commission, testified that when he came into the district in about 1948 the road was being worked by the State forces. There was also evidence that a barricade and stop sign had been erected by the Highway Commission at the end of the road at the river at the request of Dr. Owens as the result of cars going into the river.

The evidence is plenary to show acceptance of the offered dedication by the North Carolina State Highway Commission. *Wofford v. Highway Commission, supra.*

There is no evidence of a revocation or withdrawal of dedication either before or after acceptance of the offered dedication. G.S. 136-96.

Plaintiffs rely on *Patrick v. Jefferson Standard Life Ins. Co.,* 176 N.C. 660, 97 S.E. 657, as controlling here. We do not think it has any application to the facts in this case. Denny, J., later C.J., in *Russell v. Coggins,* 232 N.C. 674, 62 S.E. 2d 70, summarized the *Patrick* case as follows:

> "There an alleyway had been reserved in a deed as appurtenant to the use of the land and the grantee thereafter acquired the fee simple title to the dominant and servient estates. The Court held that when these estates were merged, the easement in the alleyway being no longer necessary was extinguished, and the alleyway became a part of the merged estate."

Plaintiffs urge that under *Patrick,* the deed conveying their respective lots to them describing the lots as bounded by the lane or road conveyed the fee to the center.

"The only instance in which the adjacent owners of lots in a subdivision, like the one under consideration, may be deemed to own any right, title or interest in a dedicated street, except an easement therein, is where the street was dedicated by a corporation which has become nonexistent. *Sheets v. Walsh*, 217 N.C. 32, 6 S.E. 2d 817; G.S. 136-96." *Russell v. Coggin, supra,* at 677.

A witness for the plaintiffs testified that he was working for the North Carolina Highway Commission in 1965 when the Highway Commission was planning to pave Riverview Avenue. At that time, at the request of Mr. Wallace Taylor, one of the defendants, he made inquiry as to whether the land in dispute was still on the highway system. He testified that, after investigation, he told Mr. Taylor that the Highway Commission "did not claim this parcel of land." G.S. 153-9(17) provides a procedure for the closing of roads abandoned by the Highway Commission and the vesting of title in and to the roadbed.

For the reasons stated herein, the judgment of the trial court is Affirmed.

CAMPBELL and BRITT, JJ., concur.