C. M. SHEETS AND NORA J. SHEETS v. JAMES T. WALSH.

(Filed 31 May, 1939.)

1. **Dedication § 5—It is necessary to a withdrawal of a dedication of land from public use that the declaration of the withdrawal be registered.**

When certain streets and alleys have been dedicated to the public by the registration of a plat, it is necessary to a withdrawal of the dedication under the provisions of ch. 174 of Public Laws of 1921, as amended by ch. 406, Public Laws of 1939, among other requirements, that the declaration of such withdrawal should be recorded; and when the facts agreed in an action involving the validity of an alleged withdrawal fail to disclose whether the declaration of the withdrawal had been recorded and to show plaintiffs to be claimants of title under dedicators who filed the plats, they are insufficient to enable the court to determine the question.

2. **Appeal and Error § 40a—**

Where the facts agreed are insufficient to enable the court to proceed to judgment, judgment entered thereon is erroneous and the case will be remanded for further proceedings.

APPEAL by defendant from *Clement, J.,* at April Term, 1939, of FORSYTH.

Civil action for specific performance of contract relating to real property.

Plaintiffs allege that on 18 April, 1939, being the owners of certain specifically described real property in Winston-Salem, North Carolina, they contracted to sell and convey same to defendant by "a good merchantable title in fee" at an agreed price; that defendant agreed to buy and to pay for same on these terms; that plaintiffs are ready, able and willing to comply with their contract; and that defendant refuses to accept the deed tendered by plaintiffs pursuant thereto, and to pay the purchase price.

Defendant, answering, denies that plaintiffs are the owners of the property, and avers that they cannot furnish "a good merchantable title in fee" to the same for the reasons that two certain plats representing a boundary of land, including the property in question, and

SHEETS *v.* WALSH.

showing the same divided into blocks with streets and alleys, have been caused to be registered in the office of the register of deeds of Forsyth County, North Carolina, thereby effecting a dedication of the streets and alleys to public or private use.

Plaintiffs, replying, admit the registration of the plats, but deny the conclusion that, for the reasons averred, they are prevented from conveying such title as they contracted to convey for that they have complied with the provisions of ch. 174 of Public Laws 1921 as amended by H. B. 1167 (ch. 406), enacted by the 1939 session of the General Assembly, thereby withdrawing the streets and alleys from public or private use.

The case was heard below upon an agreed statement of facts in which these facts, among others, appear: The land in question is part of a boundary of property shown on two certain plats, duly registered, one in 1892 at instance of Winston-Salem Land & Investment Company, showing subdivision into blocks and streets, and another in 1898 at instance of the New York and New Jersey Land & Development Company, showing a different lay-out of streets, blocks and even numbered lots. From each of the plats lots, not within the boundary involved in this action, were sold off to various owners. The dedicating corporations no longer exist. Plaintiffs, proceeding under ch. 174 of Public Laws 1921, as amended, have filed in office of register of deeds of Forsyth County, North Carolina, a declaration of withdrawal of the land in question from public or private use.

It does not appear from the statement of facts that the declaration filed by plaintiffs has been "recorded," nor do facts appear showing plaintiffs to be claimants under the dedicators.

The court below, being of opinion that plaintiffs can convey title as agreed, entered judgment for specific performance as prayed by plaintiffs.

Defendant appeals therefrom to the Supreme Court and assigns error.

*Spruill Thornton for plaintiffs, appellees.*
*Buford T. Henderson for defendant, appellant.*

WINBORNE, J. A careful reading of the agreed statement of facts discloses the absence of findings of fact essential to a proper determination of the question involved.

Chapter 174, Public Laws 1921, provides, in pertinent part, that every strip, piece, or parcel of land which has been dedicated to public use as a road, highway, street, avenue, or for any other purpose whatsoever, by "deed, grant, map, plat, or other means" and "shall not have been actually opened and used by the public within twenty years after

the dedication," an abandonment thereof by the public for the purpose for which same shall have been dedicated shall be "conclusively presumed": "Provided that no abandonment of any such public or private right or easement shall be presumed until the dedicator *or those claiming under him* shall file and cause *to be recorded* (italics ours) in the register's office of the county where the land lies a declaration withdrawing such strip, piece, or parcel of land from the public or private use to which it shall have been dedicated in the manner aforesaid."

Patently there are no findings of fact with respect to the registration of the declaration, and showing plaintiffs to be claimants of title under the dedicators who filed the plats. Without these, error in the judgment below is manifest. Therefore, further consideration of the questions involved is now futile.

The case will be remanded for further proceedings in accordance with this opinion.

Error and remanded.