WM. GRADY PRITCHARD AND MISS JOSEPHINE PRITCHARD, TRUSTEES,
    ESTATE OF I. W. PRITCHARD; GORDON BLACKWELL AND WIFE,
    ELIZABETH L. BLACKWELL, v. GLYNN FIELDS, W. G. FIELDS,
    ATTORNEY FOR GLYNN FIELDS, PERCY BARBER AND MRS. PERCY
    BARBER.

(Filed 19 December, 1947.)

**Trespass to Try Title § 3: Pleadings § 24c—**

In an action for damages for trespass and to enjoin further trespass
upon an easement claimed by plaintiffs by dedication, the burden is on
plaintiffs to establish the property right asserted, and defendants are
entitled to introduce the record of withdrawal of dedication executed pur-
suant to G. S., 136-96, as a release or extinguishment by estoppel of record
from sources to which plaintiffs were a privity, notwithstanding the ab-
sence of allegation in their answer of such withdrawal from dedication.

DEFENDANTS' appeal from *Parker, J.,* at June Civil Term, 1947, of
ORANGE.

*John T. Manning* for plaintiffs, appellees.

*Henry A. Whitfield, Bonner D. Sawyer* and *L. J. Phipps* for defend-
ants, appellants.

SEAWELL, J.    The controversy here is over the alleged easements ac-
quired by plaintiffs, holders by *mesne* conveyances of the titles to lots in
a real estate development known as "Forest Hills," in Orange County,
allegedly purchased with reference to a map which indicated as "streets"
and "Parks" adjoining near-by areas.    The plaintiffs brought the action
to enjoin the defendants from committing acts of trespass on the dedi-
cated areas, and interfering with their enjoyment of the easement there-
upon by assertion of a private claim, and putting the property to a
private use in defeat of the dedication.    In their complaint they allege
themselves to be possessed of certain rights, title, and interest in and to
the use of a road marked on the map as "To Chase Park" and the tract
designated as "Park," and ask that the defendants be enjoined from any
use thereof contrary to the said interest; and demand damages for such
contrary use and injury to plaintiffs' enjoyment of the easement in the
property.

The defendants deny that plaintiffs have any easement or interest
whatsoever in the lands described by them.    The defendant Percy Barber
admits that by *mesne* conveyances he is the owner of the property de-
scribed, and plans to erect thereupon two dwellings.

The evidence discloses a common source of title, the Chapel Hill
Insurance and Realty Co.    Some of the deeds of the plaintiffs refer to
a map, and some of the predecessors in title to some of the plaintiffs

testified that the map was exhibited to them when they bought, and the dedication of street and park explained to them.

While the deeds under which plaintiffs' dedication was made were recorded before the Trust Deed executed by the Chapel Hill Insurance and Realty Co. to Hogan was executed and recorded, the map under which the easements are claimed was not put on record until a later date.

The defendants hold title under the Hogan deed. That deed and the *mesne* conveyance of title therefrom, under which defendants hold, convey that area marked "Park" on the map, the way marked on the map as "To Chase Park," and the unlettered triangle to the southeast of the Chase Road.

On the trial of the cause, and after the jury had been selected but not impaneled, on an intimation by the court that defendants would not be permitted to introduce evidence of a withdrawal of the dedication under the statute G. S., 136-96, because of want of allegation thereof in their pleading, defendants moved to be permitted to amend their answer, which motion his Honor, in the exercise of his discretion, denied.

When the defendants' turn came to introduce evidence they offered evidence to identify the record containing the alleged withdrawal, and it was excluded. Defendants excepted. The defendants offered the record of the withdrawal which was rejected. Defendants excepted. In each instance the evidence was rejected on the ground that the withdrawal of dedication must be pleaded before evidence thereof could be admitted.

We do not consider the rule insisted upon applicable to the situation found in the instant case. The plaintiffs alleged that they had an easement in the lands described and the defendants denied it. The burden was upon the plaintiffs to establish the property right they claimed. If the defendants sought to produce conveyances from sources to which plaintiffs were a privy releasing or discharging the easement or could have established release or extinguishment by estoppel of record, or by judicial proceeding, they certainly would have been entitled to show it in the evidence without previous allegation or notice in the pleading. This in effect is what they sought to do.

G. S., 136-96, *ex propria vigore,* terminates claim with respect to dedication to public use "by any deed, grant, map, plat, or other means" of any parcel of land which has not been opened and used by the public within twenty years after the dedication thereof, unless the claim has been asserted within two years from and after 8 March, 1921, *provided a declaration of withdrawal thereof from public or private use by the dedicator or those claiming under him shall be filed in the office* of the Register of Deeds of the county in which the land lies. *Sheets v. Walsh,* 215 N. C., 711, 2 S. E. (2d), 861.

The defendants were entitled to introduce the record of such withdrawal and have the question presented on its merits.

It is unnecessary to pass on the other questions raised. The defendants are entitled to a new trial. It is so ordered.

New trial.