C. M. SHEETS AND WIFE, NORA J. SHEETS, v. JAMES T. WALSH.

(Filed 2 February, 1940.)

1. **Dedication § 5—Claimant under dedicator is entitled to revoke dedication notwithstanding the fact that he owns only part of the land embraced in the subdivision.**

   The owner of lands subdivided and sold same with reference to a plat showing certain streets. Plaintiffs are the successors in title from the dedicator of lots embracing certain of the streets so dedicated, which streets had never been opened or used by the public. *Held:* Plaintiffs claim under the dedicator and are authorized by statute to file and have recorded a declaration withdrawing the streets embraced within their lands from dedication. Michie's Code, 3846 (rr), (ss), (tt) ; chapter 174, Public Laws of 1921, as amended by chapter 406, Public Laws of 1939.

2. **Deeds § 11—**

   In construing a deed, the position of the different clauses is not controlling, but the courts will look at the whole instrument, without reference to formal divisions, in order to ascertain the intention of the parties.

3. **Same—**

   When the language of a deed is doubtful it must be construed most favorably to the grantee.

4. **Deeds § 12—Deed held to convey all grantor's rights in lands in which easement had been dedicated to the public.**

   The deed conveying all lands owned by the grantor in its subdivision described the property conveyed by block and lot number in accordance with the recorded plat, and then excepted from the conveyance lots theretofore sold by the grantor and referred to its deeds conveying such lots to third persons, and then recited: "Also all the right, title, interest and estate of every nature and description which the party of the first part has to streets and alleys designated upon said map." *Held:* Construing the instrument as a whole to effectuate the intent of the parties, and construing doubtful language in favor of the grantee, the deed *is held* to convey the grantor's title and interest in the streets and alleys and not to except or reserve them therefrom.

5. **Dedication § 5—**

   When a person claiming under the dedicator revokes the dedication in accordance with the statute, the corporation making the dedication being no longer in existence, chapter 406, Public Laws of 1939, he thereby becomes vested with all title and right in the streets embraced within his land.

6. **Dedication § 5—Withdrawal of dedication in conformity with statute terminates easement of public and of purchasers of lots.**

   The streets in question were dedicated to the public more than twenty years prior to the institution of this action by the sale of lots in a subdivision with reference to a plat showing the streets. The streets were never actually opened or used at any time, and no person asserted any

public or private easement therein within two years from the passage of chapter 174, Public Laws of 1921 (Michie's Code, 3846 [rr], [ss], [tt]), or at any other time. The streets in question are not necessary to afford convenient ingress or egress to any other lots in the subdivision. The corporation making the dedication no longer exists. Plaintiffs, claimants under dedicator, filed and recorded a declaration withdrawing said streets from the dedication. *Held:* The revocation of the dedication terminated the easement of the public and of the purchasers of lots in the subdivision, and therefore plaintiffs own the fee in the said land and can convey same free of the easements.

7. **Same—Statute providing for revocation of dedication affords reasonable time to purchasers for assertion of rights, and is constitutional.**

The right of those purchasing lots in a subdivision with reference to a plat to assert easements in the streets shown by the plat is dependent upon the doctrine of equitable estoppel, and the statute, Michie's Code, 3846 (rr), (ss), (tt), providing for the termination of their easements by revocation of the dedication when they have failed to assert same within two years from the effective date of the statute, affords them a reasonable time in which to assert their rights, and therefore does not deprive them thereof without due process of law. Constitution of North Carolina, Art. I, sec. 17; 14th Amendment to the Federal Constitution.

8. **Constitutional Law § 19—**

The Legislature may limit the time for the assertion of a property right provided it affords those vested with the right a reasonable time to assert same after the enactment of the statute, since there is no vested right in procedure. Constitution of North Carolina, Art. I, sec. 17; 14th Amendment to the Federal Constitution.

APPEAL by defendant from *Alley, J.,* at November Term, 1939, of FORSYTH.

*Spruill Thornton for plaintiffs, appellees.*
*Buford T. Henderson for defendant, appellant.*

SCHENCK, J. This is an action for specific performance of a contract to purchase the following described tracts of land, to wit: "First tract: Lying and being in the city of Winston-Salem and beginning at a point on the east side of Holton Street in Efird's line; thence northwestwardly with Holton St. 503.8 feet to the line of the property formerly belonging to George Holton; thence northwardly along the line of the property formerly belonging to George Holton 250.81 feet more or less to the branch; thence eastwardly with the various meanderings of the branch to a stake on the west side of the old Lexington Road; thence southwardly with the old Lexington Road 1,030 feet more or less to a point, corner of the lot belonging to C. D. Hall; thence westwardly along Hall's line 400 feet to Hall's corner; thence southwardly with Hall's line 150 feet to a point in Efird's line; thence westwardly with Efird's line 850 feet more or less to the beginning.

2—217

"Second tract: Beginning at a stake in the east line of Holton Street, five feet north of the concrete bridge south of Hollyrood Street; thence on a new line N. 79 Deg. 25′ E. 51.1 feet to an iron stake in the center of a branch in the west line of Southern Realty Co.; thence with the line of said Southern Realty Co. S. 1 deg. 10′ W. 250.81 feet to an iron stake in the east line of Holton St., said stake being N. 1 deg. 10′ E. 247.7 feet from an old iron stake in the west line of Holton St., corner of ·Southern Realty Co. and formerly George Holton; thence with the east line of Holton St. No. 10 deg. 35′ W. 245.55 feet to the place of beginning, containing 6,274 square feet, more or less."

The contract to purchase and the tender of a deed in proper form is admitted. The defendant refused to accept the deed and pay the agreed purchase price for the alleged reason that the plaintiffs could not "show, furnish and convey a good merchantable title in fee" to the *locus in quo.*

An agreed statement of facts was entered into by the parties and the case submitted to the judge without the intervention of a jury. The agreed statement of facts is as follows:

"That on the 18th day of April, 1939, the plaintiffs entered into a legal and binding 'contract to sell,' under seal, certain parcels of land located in Forsyth County, North Carolina, to the defendant, on or before the 20th day of April, 1939, for the purchase price of $5,000.00. It was understood and agreed by the terms of said contract that plaintiffs 'will show, furnish and convey a good merchantable title in fee to the defendant.'

"The parcels of land described in the said contract are parts of property which were shown on certain plats recorded in the office of the register of deeds of Forsyth County, North Carolina. In 1892, the Winston-Salem Land & Investment Company, a predecessor in title, had caused to be recorded a certain plat of property, including the instant premises, which plat revealed the location of certain streets and blocks on said instant premises, which streets and blocks are identified on the accompanying map by the heavier and thicker lines. In 1898, a subsequent predecessor in title, the New York and New Jersey Land & Development Company, had caused to be recorded another plat of property, which also included the instant premises, which plat revealed another and different set of streets, blocks and even numbered lots, which set of streets, blocks and lots may be identified on the accompanying map by dotted lines. From each of the plats, lots, not lying within the bounds of the instant premises, were sold off by various owners. Dedicating corporations no longer exist.

"On the 18th day of April, 1939, proceeding under chapter 174 of the Public Laws of North Carolina enacted by the General Assembly in Regular Session of 1921, as amended by House Bill No. 1167 (ch 406),

enacted by the General Assembly in Regular Session of 1939, the plaintiffs filed and recorded a declaration of withdrawal of said instant land from public and/or private use in the office of the register of deeds of Forsyth County, North Carolina.

"On the 20th day of April, 1939, and subsequent thereto, the plaintiffs tendered a deed for said premises to the defendant, who refused to accept same, for that the plaintiffs were not in position to show or convey a good merchantable title in fee to said premises to the defendant; plaintiffs are still ready and willing to tender a deed at any time upon the receipt of the purchase price.

"There have been no streets physically laid off, cut through, or planned for construction within the bounds of said premises; over twenty years have elapsed from the date of the aforesaid recordings of plats, and no one has sued to enforce any public or private easement within the bounds of the instant premises within the two years following March 8, 1921, or at any time subsequent to that date. The streets so designated upon the plats are not necessary for ingress, egress or regress to any part of the land conveyed by the parties recording the plats or by subsequent grantees of the parties recording the plats, or to any parts of any of the property shown on the plats.

"There is a provision in a certain deed in the chain of title to the instant premises, executed by the Winston-Salem Land & Investment Company to the Southside Land & Investment Company, October 30, 1893, which is as follows: 'Reference to all of which deeds is hereby made for a better description of said premises and each part or parcel of land described in the foregoing deeds having been conveyed by the Winston-Salem Land and Investment Company is hereby excepted and reserved. Also all of the right, title, interest and estate of every nature and description which the party of the first part has to streets and alleys designated upon said map, to the street railway and station houses and lots whereon said houses stand, electric lights, poles and wires, the iron bridges over Wachovia Brook, and all abutments thereto and all fixtures and belongings of every description.'

"It is agreed that defendant's Exhibit A is a true copy of said deed, and is hereby incorporated by reference.

"The conveyance of said instant premises, from the time of the recording of plats, carry the descriptions in terms of lots with the exception of the last two conveyances, which carry descriptions in terms of metes and bounds.

"There has been no actual acceptance of any dedication by the city or public, nor any control or authority exercised by either over said property, which is an open acreage field; predecessors in title have always maintained notorious, adverse and continuous possession of premises under known and visible boundaries.

"The plaintiff can show, furnish and convey a good merchantable title in fee to the defendant, if the plaintiff has title in fee to property shown as streets on aforesaid and accompanying plats. The plaintiffs are record owners of said property, under a chain of title from dedicators. Said declaration of withdrawal from use, in accordance with statutes, has been filed, registered and recorded in the office of the register of deeds, Forsyth County, North Carolina, by plaintiffs, who claim under said dedicators.

"The premises were outside city limits at time of recording said plats but now are within said city limits. The aforementioned streets on said plats do not even afford a convenient ingress or egress to other properties on said maps (or) to any other opened street or highway.

"Plaintiffs are claimants under dedicators."

The trial judge found that the plaintiffs had complied with the provisions of ch. 174, Public Laws of 1921, as amended by ch. 406, Public Laws 1939, and thus effected a withdrawal of any sort of dedication of any property within the boundary of the *locus in quo;* and further that the deed in the plaintiffs' chain of title from the Winston-Salem Land & Investment Company to the Southside Land & Investment Company conveyed to the grantee all right, title, interest and estate in the streets shown on the plat filed and recorded by the grantor, and did not except such streets from the conveyance of said deed; and further, that even if said streets were excepted and reserved from such conveyance, the plaintiffs having complied with the aforesaid statutes, now possess all right, title, interest and estate in said streets; and upon such findings, his Honor adjudged the specific performance of the contract of purchase. To these findings and the adjudication thereupon the defendant preserved exceptions and appealed to the Supreme Court.

The statutes relied upon by the plaintiffs, known as section 3846 (rr), (ss), (tt), North Carolina Code of 1935 (Michie), are as follows:

"Section 1. That every strip, piece, or parcel of land which shall have been at any time dedicated to public use as a road, highway, street, avenue, or for any other purpose whatsoever, by any deed, grant, map, plat, or other means, which shall not have been actually opened and used by the public within twenty years from and after the dedication thereof, shall be thereby conclusively presumed to have been abandoned by the public for the purposes for which same shall have been dedicated; and no person shall have any right, or cause of action thereafter, to enforce any public or private easement therein, unless such right shall have been asserted within two years from and after the passage of this act: *Provided, that no abandonment of any such public or private right or easement shall be presumed until the dedicator or those claiming under him shall file and cause to be recorded in the register's office of the county*

where such land lies a declaration withdrawing such strip, piece, or parcel of land from the public or private use to which it shall have theretofore been dedicated in the manner aforesaid.

"Sec. 2.    The provisions of section one of this act shall have no application in any case where the continued use of any strip of land dedicated for street or highway purposes shall be necessary to afford convenient ingress, egress, and regress to any lot or parcel of land sold and conveyed by the dedicator of such street or highway prior to the passage of this act.

"Sec. 3.    That this act shall be in force from and after its ratification, and shall apply to dedications made after as well as before its passage.

"Ratified this the 8th day of March, A.D. 1921," *and*

"Section 1.    That chapter one hundred and seventy-four of the Public Laws of one thousand nine hundred twenty-one, being an act to regulate the dedication of streets, highways, etc., and to limit the time within which such dedication shall be accepted by the public, shall be amended by adding the following proviso at the end of section one:

" 'Provided further, that where any corporation has dedicated any strip, piece, or parcel of land in the manner herein set out, and said dedicating corporation is not now in existence, it shall be conclusively presumed that the said corporation has no further right, title, or interest in said strip, piece, or parcel of land, regardless of the provisions of conveyance from said corporation, or those holding under said corporation, retaining title and interest to said strip, piece, or parcel of land so dedicated; the right, title and interest in said strip, piece, or parcel of land shall be conclusively presumed to be vested in those persons, firms, or corporations owning lots or parcels of land adjacent thereto, subject to the provisions set out hereinbefore in this section: Provided further, that nothing in this act shall apply to pending litigation.'

"Sec. 2.    That this act shall be in full force and effect from and after its ratification.

"In the General Assembly read three times and ratified, this the 4th day of April, 1939."

The agreed statement of facts reveals that the land within the *locus in quo* dedicated to the public use as roads, highways, streets and avenues by the maps filed and recorded by the plaintiffs' predecessors in title was not actually opened and used within twenty years after the dedication thereof, or at any subsequent time, and that no person has asserted any public or private easement therein within two years from the passage of the act (8 March, 1921), or at any other time; and that the plaintiffs, being those persons claiming under the dedicators of such streets, have filed and caused to be recorded a declaration withdrawing the land constituting such streets from the public and private use to which it thereto-

fore had been dedicated; that the land constituting the streets in the *locus in quo* is not necessary to afford a convenient ingress, egress, or regress to any lot or parcel of land sold and conveyed by the dedicators prior to the passage of the act; and further, the corporations which dedicated the land constituting the streets involved do not now exist, and that the plaintiffs own all of the lots or parcels of land adjacent to said streets.

The first contention of the defendant, appellant, that the plaintiffs were not authorized to file and have recorded the declaration withdrawing the land involved from public and private use to which it had theretofore been dedicated is untenable, since it appears from the agreed statement of facts that "plaintiffs are claimants under dedicators," and the statute provides no abandonment of any public or private right or easement shall be presumed until "the dedicator or those claiming under him shall file and cause to be recorded" such declaration.

The second contention made by the defendant, appellant, that the clause in a deed from the Winston-Salem Land & Investment Company to the Southside Land & Investment Company, quoted in the agreed statement of facts, which deed is a link in the chain of title of the plaintiffs, excepted from the conveyance and reserved the title to the streets involved in the grantor, and prevented the passing of such title to the grantee, and for that reason such title never passed to the plaintiffs, is not in accord with our construction of said clause.

It is true that under the modern rule of construction, little importance is attached to the position of the different clauses in a deed, and the courts look at the whole instrument, without reference to formal divisions, in order to ascertain the intention of the parties. *Thomas v. Bunch,* 158 N. C., 175, and cases there cited, and when the language of a deed is doubtful it must be construed most favorably to the grantee, *Benton v. Lumber Co.,* 195 N. C., 363; *Cox v. McGowan,* 116 N. C., 131. Applying these two simple rules of construction, we think, and so hold, that the quoted clause was intended to include in the conveyance the "streets and alleys designated upon said map" rather than to except and reserve them therefrom. And further, we concur with the finding of the trial judge that even if the effect of the quoted clause was to reserve the title to the streets in the grantor, instead of conveying the same to the grantee, the plaintiffs having proceeded under the aforesaid statutes, now possess all right, title, interest and estate in said streets.

The third contention of the defendant, appellant, that the statutes relied upon by the plaintiffs are ineffective cannot be successfully maintained. This contention is that since the dedicators, predecessors in title of the plaintiffs, sold and conveyed lots to others by reference to the maps filed and recorded by them, the grantees in the deeds for such

lots, and those claiming under them, were thereby vested with easements over all the streets shown on said maps, *Sexton v. Elizabeth City,* 169 N. C., 385; *Stephens Co. v. Homes Co.,* 181 N. C., 335, and cases there cited, and that to allow those vested rights to be taken from them by legislative enactment would be to allow persons to be deprived of their property otherwise than by "the law of the land" and "without due process of law" in violation of Article I, section 17, of the Constitution of North Carolina and of the 14th Amendment of the Constitution of the United States.

Any rights to enforce any easements which the grantees in the deeds made with reference to the maps, and of those claiming under them, may have had was clearly preserved for two years after its passage by the act itself. No vested right was destroyed by the act, only the remedy by which such rights might be enforced was changed, and when this was done these grantees, and those claiming under them, were left with a remedy reasonably adequate to afford relief, namely, two years after the passage of the act in which to assert their rights. These rights are "dependent on the doctrine of equitable estoppel." *Irwin v. Charlotte,* 193 N. C., 109.

"It is well settled that the Legislature may change the remedy, and as the statute of limitations applies only to the remedy, that it may also change that, either by extending or shortening the time; provided, in the latter case a reasonable time is given for the commencement of an action before the statute works a bar." *Strickland v. Draughan,* 91 N. C., 103.

"Whatever pertains to the remedy may be modified or altered at the pleasure of the Legislature, if the obligation of the contract is not thereby impaired nor any substantial right affected, provided a sufficient remedy is left to the parties, according to the course of justice as it existed at the time the contract was made.

"Procedure is always subject to change by the Legislature, with the limitation that one, having a vested right in a cause of action, must be left with some remedy reasonably adequate to afford relief.

"When a limitation of time for bringing an action is shortened by statute, there must be a 'reasonable time' given, notwithstanding the statute, in which to bring the action." The Constitution of North Carolina, Connor & Cheshire, p. 70. *Hinton v. Hinton,* 61 N. C., 410; *Durham v. Speeke,* 82 N. C., 87; *Whitehead v. Latham,* 83 N. C., 233; *Williams v. Weaver,* 94 N. C., 134; *Bost v. Cabarrus County,* 152 N. C., 531; *Statesville v. Jenkins,* 199 N. C., 159.

The grantees in the deeds in which conveyances were made with reference to the maps filed and recorded, and those claiming under them, were fixed by law with notice of the statutes, and it was incumbent upon

them within the two years allowed by the statutes (a reasonable time) to take themselves out of the bar put upon them by asserting their right of easements over the streets involved. *Matthews v. Peterson,* 150 N. C., 132, and cases there cited.

*Chief Justice Waite,* speaking for the Supreme Court of the United States, says: "This Court has often decided that statutes of limitation affecting existing rights are not unconstitutional, if a reasonable time is given for the commencement of an action before the bar takes effect. *Hawkins v. Barney,* 5 Pet., 457; *Jackson v. Lamphire,* 3 Pet., 280; *Sohn v. Waterson,* 17 Wall., 596; *Christmas v. Russell,* 5 Wall., 290; *Sturges v. Crowninshield,* 4 Wheat., 122." *Terry v. Anderson,* 95 U. S., 628 (24 Law Ed., 365).

"Under this provision of the Federal Constitution it is well settled that the Legislature may prescribe a limitation for the bringing of suits where none previously existed, as well as shorten the time within which suit to enforce existing causes of action may be commenced, provided, in each case a reasonable time, taking all the circumstances into consideration, be given by the new law for the commencement of suit before the bar takes effect. *Wheeler v. Jackson,* 137 U. S., 255; *Turner v. New York,* 168 U. S., 94; *Saranac Land Co. v. Comptroller,* 177 U. S., 318." *Blevins v. Utilities, Inc.,* 209 N. C., 683.

We are of the opinion that since the plaintiffs have complied with the requirements of valid statutes, that the judgment of the Superior Court should be affirmed, and it is so ordered.

Affirmed.