ALEXANDER J. JANICKI and wife, MARY B. JANICKI, v. JOHN LOREK
AND WIFE, LOUISE LOREK, and SOPHIA LOREK.

(Filed 16 June, 1961.)

**1. Dedication § 3—  Admitted facts held to show withdrawal of dedi-
cation of street not used for more than fifteen years after dedication.**

Admissions in the pleadings and stipulations of the parties disclosing
that the corporate owner of lands recorded a map of a subdivision, show-
ing lots and streets, that the corporation had ceased to exist and de-
fendants own the entire block through which the street was shown, that
the locus had never been opened up or used as a street and more than
fifteen years had elapsed since the dedication, and that defendants had
duly recorded a declaration of withdrawal of this street from dedication,
*are held* to support the holding of the court that plaintiffs, as members
of the public, were barred from asserting any right to use the street.
Revocation of the dedication would not be effective as to a purchaser of
a lot within the subdivision if such street was necessary for ingress and
egress to and from his lot; as to whether such withdrawal would be
effective if the street were not necessary to afford him ingress and egress,
quaere? G.S. 136-96.

**2. Dedication § 4—**

A person who purchases a lot or parcel of land situated outside the
boundaries of a subdivision has no rights with respect to the dedicated
streets of the subdivision other than those enjoyed by the public general-
ly, and when the rights of the public are withdrawn and barred, the
rights of the owner of land outside the subdivision are also barred not-
withstanding that his lands may be located at the dead-end of such
street.

**3. Dedication § 1—  Where land is sold with reference to subdivisional
maps and not with reference to map of entire tract, dedication of
street relates to each subdivision separately.**

The owner of a large tract of land made and recorded a "key map"
of the entire tract showing a subdivision of the tract into small farms
and also a townsite in skeleton form, showing streets and blocks of the
townsite without numbering the blocks or dividing them into lots. The
owner also recorded separate maps of the farm subdivisions and the
townsite subdivision showing lettered blocks and numbered lots. *Held:*
Whether the purchaser of one of the farms acquired by dedication any
interest in the streets of the townsite depends upon whether the dedicator
intended the subdivisions to be separate and sold the lands with refer-
ence to the respective subdivisional maps, or whether the entire tract
constituted one composite subdivision, which intent of the dedicator is
to be gathered from matters appearing in the record and chain of title
and may not be established by parol, and when more than one con-
clusion may be drawn from the undisputed facts the question of intent
is a question of fact for the jury, but when only one conclusion may be
drawn therefrom the question of intent is one of law.

**4. Same—**

The intent to dedicate is an essential element of dedication.

**5. Trial § 53—**

Where the record discloses that the court stated that the issues arising upon the pleadings and evidence were issues of law and would be answered by the court "there being no objection," the absence of objection may constitute a waiver of trial by jury of any question of fact embraced in the issues. G.S. 1-184(3).

**6. Limitation of Actions § 8—**

The pleading of the predicate facts upon which the bar of the applicable statute of limitations rests is a sufficient pleading of the statute, and a mere statement that the party pleads a specified statute is insufficient.

**7. Appeal and Error § 21—**

An exception to the judgment presents the sole questions of whether the facts found and admitted are sufficient to support the judgment and whether there is error of law on the face of the record.

APPEAL by plaintiffs from *Mintz, J.,* October 1960 Term of NEW HANOVER.

Action for damages for obstructing plaintiffs in the use of a strip of land for a street, and to permanently enjoin defendants from interfering with plaintiffs' use thereof.

From the evidence, admissions in the pleadings, and stipulations, the following uncontroverted facts appear:

(a) In 1906 Carolina Real Estate Trust Company (hereinafter referred to as "corporation") owned a large tract of land in the vicinity of Castle Haynes in New Hanover County. It subdivided a small portion of this land as a townsite. In 1906 it caused a map of the subdivision, entitled "Official Map of Castle Haynes," to be recorded in Book 48, at page 150, of the office of the Register of Deeds of New Hanover County. The map is dated 23 March, 1906, and was admitted in evidence as plaintiffs' Exhibit B. This subdivision (hereinafter referred to as "townsite") contains 14 streets and 24 blocks. Most of the blocks contain 20 lots each. Most of the lots are 33 feet wide and 165 feet long.

(b) The corporation also subdivided a large area, contiguous to the townsite subdivision, into farms. Most of the farms contain 10 acres each. In 1910 the corporation caused a map of this subdivision, entitled "Ten Acre Farms at Castle Haynes," to be recorded in Book 59, at page 597, New Hanover County Registry. This map is dated 10 May 1906. This subdivision (hereinafter referred to as "farms") contains 85 farms and a number of roads. The map of the farms sub-

division was admitted in evidence as plaintiffs' Exhibit C, and the townsite subdivision is shown thereon in skeleton form. The map shows the townsite blocks and streets, but the blocks are not numbered and are not divided into lots thereon.

(c) Four blocks (25, 26, 27 and 28) of the townsite lie on the west side of Peachtree Street (U. S. Highway 117). Peachtree runs generally north and south. Castle Avenue runs east and west and crosses Peachtree. Blocks 26 and 28 are contiguous to and lie north of Castle Avenue. Cedar Street (50 feet wide) runs north and south and divides Blocks 26 and 28. Mulberry Street runs north and south and lies along the west boundary of Block 28.

(d) Block 26 is bounded on the east by Peachtree, on the south by Castle Avenue, and on the west by Cedar Street. Block 28 is bounded on the east by Cedar Street, on the south by Castle Avenue and on the west by Mulberry. Defendant Sophia Lorek and husband, Andrew Lorek (now deceased) acquired title to all of Block 26 by mesne conveyances from the corporation. Sophia Lorek is the present owner of Block 26. Defendant John A. Lorek is the owner of Block 28.

(e) Plaintiffs, Alexander Janicki and wife, Mary B. Janicki, are the owners of Farm F of the farms subdivision. Farm F is bounded on the east by Peachtree Street (U. S. Highway 117), and on the south by Blocks 26 and 28 of the townsite and the north ends of Cedar and Mulberry Streets. Cedar Street "dead-ends" at Farm F, as does Mulberry.

(f) Plaintiffs and defendants all acquired title to their respective lands by mesne conveyances from the corporation.

(g) In 1954 plaintiffs decided to build a house on Farm F for their son, C. E. Janicki. On 1 June 1954 they laid out an one-acre lot, not abutting on Cedar Street, but extending the entire length of the north boundary of Block 28, and extending thence northwardly 139.6 feet. If Cedar Street were extended, it would abut the east line of the one-acre lot. In 1956, after the institution of this action, plaintiffs conveyed this lot to C. E. Janicki and wife.

(h) The corporation has been dissolved and is no longer in existence.

(i) On 26 July 1954 defendants and their spouses executed and caused to be recorded in the office of the Register of Deeds of New Hanover County a declaration of withdrawal from dedication of all that part of Cedar Street bounded on the north by the south line of Farm F, on the east by Block 26, on the south by the north line of Castle Avenue, and on the west by Block 28. The declaration was executed and recorded in accordance with G.S. 136-96, and recites that the corporation had been dissolved and was not in existence, and

that the strip of land in question had never been opened and used as a street or way of ingress, egress or regress.

(j) "Cedar Street . . . has never been opened on the ground or used since the Map or Maps were put on record for the purpose for which it was dedicated." (Stipulation)

(k) On 30 July 1954 plaintiffs requested defendants, by letter, not to plant any further crops in Cedar Street after those then growing were harvested. Plaintiffs advised that they were going to use the street.

(1) On 3 August 1954 defendants advised plaintiffs, by letter from defendants' attorneys, that the dedication of the street had been withdrawn pursuant to statute and that defendants owned the land in fee. Defendants forbade plaintiffs to go upon the land formerly the street.

(m) This action was instituted 17 October 1955.

Plaintiffs' complaint alleges many of the facts above recited, and also the following (numbering ours):

(1) Cedar Street was dedicated with respect to the farms subdivision by the map recorded in 1910, and this dedication was not withdrawn by the terms of defendants' declaration of withdrawal.

(2) "The fee simple title to the lands . . . known as Cedar Street and attempted to be withdrawn from private or public use . . . is owned by plaintiffs and defendant(s) as tenants in common . . . . (D)efendants are wrongfully, unlawfully and wilfully obstructing the plaintiffs from using said lands . . . to their great damage in the sum of $500.00, and unless the defendants are restrained from prohibiting plaintiffs from using said lands, they will suffer continuous irreparable damage and loss of the use of the lands owned by the plaintiffs as tenants in common with said defendants."

(3) Plaintiffs intend to build a house for C. E. Janicki and wife facing Cedar Street extended.

(4) ". . . (T)hat it is convenient to the plaintiffs to have the right of ingress, egress and regress to, over and upon said Cedar Street to and from the plaintiffs' lands."

Defendants' answer contains the following averments, among others (numbering ours):

(1) The maps of the farms subdivision do not dedicate Cedar Street with respect to the farms shown on said maps, and do not make Cedar Street an appurtenance to Farm F.

(2) Defendants are the sole owners in fee of that part of Cedar Street in question; and plaintiffs have no title to or interest in the street, and no right to enter thereon or use it as a street or otherwise.

(3) No acts or conduct of defendants have deprived plaintiffs of any ingress, egress or entrance into Farm F.

The case came on for trial at term. A jury was impanelled. At the close of the evidence judgment was entered by the court, in material part, as follows:

"After the selection and impaneling of the jury it was agreed between the attorneys for the plaintiffs and the defendants that there were certain issues which should be answered by the Court prior to the submission of any issues to the jury.

"After hearing all of the evidence of the plaintiffs and of the defendants the Court announced that the following issues arise on the pleadings and the evidence in this case, which said issues are issues of law and should be answered by the Court, and there being no objection, the Court answered the issues as follows:

"1. Was Cedar Street prior to July 26, 1954 a street or easement included in the plan of development of Castle Haynes and by recordation of a map thereof dedicated to public and private use? Answer: Yes.

"2. Is the location of the lands of the plaintiffs and defendants, and its relation to each other, and Cedar Street, as shown and set out in Paragraph 7 of plaintiffs' complaint? Answer: Yes.

"3. Was a withdrawal of dedication executed by abutting owners and filed on July 26, 1954 withdrawing the street in controversy in this action from dedication? Answer: Yes.

"4. Has the statute of limitations barred the plaintiffs from obtaining the relief they seek in this action? Answer: Yes.

"And the Court having answered each of the said issues 'yes,' was of the opinion that there was no issue of fact left for submission to the jury:

"NOW, THEREFORE, UPON THE FOREGOING IT IS ORDERED, ADJUDGED AND DECREED, that the plaintiffs' action be, and hereby is, dismissed."

Plaintiffs appeal.

*Kellum & Humphrey for plaintiffs, appellants.*
*Hogue & Hogue for defendants, appellees.*

MOORE, J.   There are two assignments of error: (1) ". . . to the court answering issue #4 'yes.' " (2) ". . . to the signing of the judgment . . . ."

As to the first assignment, plaintiffs contend: ". . . that no statute of limitations applies in the instant case and no statute of limitations was pleaded." As to the second assignment, plaintiffs say: "They seek a free and unobstructed use of Cedar Street, as shown on Exhibits. . . . There has been no attempt to withdraw the dedication of this street

from the dedication made by the recording of the Map recorded in Book 59, at page 597, Exhibit C."

The assignments raise two questions: (1) Is there an applicable statute of limitations pleaded and, if so, does it bar plaintiffs' cause of action? (2) Do the stipulations, admissions in the pleadings, and issues as answered support the judgment?

Decision in this case involves interpretation and proper application of G.S. 136-96, relating to the abandonment of roads and streets after dedication, and the withdrawal thereof from dedication.

Plaintiffs contend that the only statute of limitations contained in G.S. 136-96 is the provision that where dedication "was made less than twenty (20) years prior to April 28, 1953," if the street was never opened and used, the right to a public or private easement therein "may be asserted within one year from and after April 28, 1953." This provision was not pleaded. Furthermore, it is wholly inapplicable to the facts in this case. The dedication herein was made more than twenty years prior to April 28, 1953.

G.S. 136-96 provides *inter alia:* "Every strip . . . of land which shall have been at any time dedicated to *public* use as a . . . street . . . , or for any other purpose . . . by a . . . map . . . or other means, which shall not have been actually opened and used by the *public* within fifteen (15) years from and after the dedication thereof, shall be thereby conclusively presumed to have been abandoned by the *public* for the purposes for which same shall have been dedicated . . . ." (Emphasis added). But the conclusive presumption does not arise as a matter of course at the end of the fifteen-year period. According to the further provisions of the statute the abandonment shall not be presumed until a declaration of withdrawal is executed and recorded in the county wherein the land is situate by those persons entitled to withdraw the dedication. If the dedicator is a corporation and if the corporation is dissolved and ceases to exist, the title to the strip of land "shall be conclusively presumed to be vested in those persons . . . owning lots or parcels of land adjacent thereto," and such persons may withdraw the strip from dedication. G.S. 136-96. *Steadman v. Pinetops,* 251 N.C. 509, 112 S.E. 2d 102.

The dedication of a street shown on a subdivision map is but a revocable offer *as to the public,* and dedication is not complete until the offer is accepted, and if not accepted by the *public* within fifteen years after offer of dedication, the offer may be withdrawn pursuant to G.S. 136-96; but if accepted by the *public,* by opening and using the street, at any time before withdrawal, the dedication is complete and it may not thereafter be withdrawn. *Steadman v. Pinetops, supra;*

*Blowing Rock v. Gregorie,* 243 N.C. 364, 367-8, 90 S.E. 2d 898; *Rowe v. Durham,* 235 N.C. 158, 161, 69 S.E. 2d 171.

In the instant case it has been established by the admissions in the pleadings, the stipulations and the first three issues answered by the court (to which there are no exceptions) that Cedar Street was dedicated more than fifteen years prior to 26 July 1954, that Cedar Street has never been opened or used for the purposes for which it was dedicated, and that defendants executed and had recorded a declaration of withdrawal of Cedar Street from dedication on 26 July 1954 pursuant to the provisions of G.S. 136-96. It is therefore conclusively presumed that the strip of land in question has been abandoned by the *public,* and by reason of the fifteen-year limitation and the recording of the declaration of withdrawal the *public* is barred of all rights or causes of action with respect thereto.

The question arises, are plaintiffs merely members of the general public and therefore barred, or do they own a parcel of land within the subdivision for the benefit of which Cedar Street was dedicated?

"Where lots are sold and conveyed by reference to a map or plat which represents a division of a tract of land into subdivisions of streets and lots . . . the purchaser of a lot or lots acquires a right to have all and each of the streets kept open; and it makes no difference whether the streets be in fact opened or accepted" by the public. "There is a dedication, and if they are not actually opened at the time of the sale they must be at all times free to be opened as occasion may require." *Stedman v. Pinetops, supra; Hine v. Blumenthal,* 239 N.C. 537, 544, 80 S.E. 2d 458. A purchaser of lots in a subdivision acquires a vested right to have all and each of the streets shown on the map kept open for his benefit. *Blowing Rock v. Gregorie, supra; Rowe v. Durham, supra.* "The plan or scheme indicated on the map or plat is regarded as a unity, and it is presumed, as well it may be, that all the public ways add value to all lots embraced in the general plan or scheme . . . . (I)t is just to presume that purchasers paid the added value, and the donor (or his successors in interest) ought not, therefore, to be permitted to take it from them by revoking part of his dedication." (Parentheses ours). *Insurance Co. v. Carolina Beach,* 216 N.C. 778, 786, 7 S.E. 2d 13.

G.S. 136-96 has no application and a street may not be withdrawn from dedication, over objection of one owning a lot or lots within the subdivision, if the street "be necessary to afford convenient ingress or egress to" such lot or lots. *Hine v. Blumenthal, supra; Russell v. Coggin,* 232 N.C. 674, 677, 62 S.E. 2d 70; *Foster v. Atwater,* 226 N.C. 472, 473, 38 S.E. 2d 316; *Sheets v. Walsh,* 217 N.C. 32, 6 S.E. 2d 817. Where it is sought to withdraw a street of a subdivision from dedi-

cation, and a lot in the subdivision abutting on this street has no other way of ingress or egress, it will be conclusively presumed that the street is "necessary to afford convenient ingress or egress" to or from the lot, and, in the absence of consent by the lot owner to the withdrawal, G.S. 136-96 has no application and the dedication may not be withdrawn irrespective of lapse of time or whether or not the street has been opened and used. G.S. 136-96 (last paragraph).

In a case in which a lot in a subdivision was contiguous to two streets and it was sought to withdraw one of the streets from dedication, the question as to whether or not the street was necessary for convenient ingress or egress to and from the lot was submitted to the jury. *Evans v. Horne*, 226 N.C. 581, 39 S.E. 2d 612. But on appeal this Court strongly intimated that withdrawal from dedication under the circumstances was not permissible as a matter of law, saying: "Moreover, in the light of the holdings of this Court . . . , on the uncontroverted facts, plaintiffs (lot owners) would seem to be entitled to the relief demanded (that the street be not withdrawn from dedication) as a matter of law." (Parentheses ours). In this connection, the words "continued use of" in the last paragraph of G.S. 136-96 is construed to mean the continued right to use.

Where a lot in a subdivision does not abut on the street or the portion of the street sought to be withdrawn from dedication pursuant to G.S. 136-96, the question as to whether or not such street or portion thereof is necessary to afford convenient ingress to and egress from such lot is one of fact to be determined by the jury, or the judge when jury trial is waived. *Hine v. Blumenthal, supra; Broocks v. Muirhead*, 223 N.C. 227, 25 S.E. 2d 889.

A person who purchases a lot or parcel of land situate outside the boundaries of a subdivision has no rights with respect to the dedicated streets of the subdivision other than those enjoyed by the public generally. *Hemphill v. Board of Aldermen*, 212 N.C. 185, 193 S.E. 153. When the rights of the public are withdrawn and barred, the rights of the owner of the land outside the subdivision are thereby extinguished with respect to the street or streets of the subdivision withdrawn from dedication. One who purchases a parcel of land outside a subdivision, but at the "dead-end" of a street of the subdivision, acquires no more right to the use of the street than the public generally, and is not entitled to share the rights and interests therein of owners of lots within the subdivision abutting on the street. *Cohen v. Board of Trustees*, 276 S.W. 2d 26 (Ky. 1955).

Where the owner of a large tract of land makes a "key map" of the entire tract, showing the exterior boundaries and, in a general way, the relative location of blocks and lots and the general location

of streets, yet the map is not sufficiently definite in its details to furnish a correct description of any lot, block or street and was not intended nor used for the purpose of description or sale in the actual conveyance of property, and, thereafter, the owner makes separate subdivisional maps of parts of the whole tract, giving in detail and with accuracy the description of lots and blocks and streets adjacent thereto, and conveyances are made by reference to these subdivisional maps, then, and in such case, the subdivisional maps are not to be regarded as a unit, but the question of dedication and estoppel between the owner and a purchaser of a lot will apply only to the divisional map on which the lot purchased appears, and the various subdivisions will not be regarded as integral parts of the entire tract as a whole. It is the offer of sale by the particular plat, and the sale in accordance therewith that is the material thing which determines the rights of the parties. *Stephens Co. v. Homes Co.*, 181 N.C. 335, 107 S.E. 233. Accord: *Hidgon v. Jaffa*, 231 N.C. 242, 248, 56 S.E. 2d 661; *Homes Co. v. Falls*, 184 N.C. 426, 115 S.E. 184.

In the case at bar, before the fourth issue could be answered it was necessary to determine whether or not it was the intent of the corporation dedicator that townsite and farms should be one composite subdivision or separate subdivisions, that is, whether it intended to dedicate Cedar Street to the use and benefit of Farm F as a part of a composite subdivision. If the subdivisions are separate and distinct by intent of the corporation dedicator, Farm F lies outside the townsite subdivision and plaintiffs have no more rights with respect to Cedar Street than the public generally. All rights of the public are concededly barred to that portion of Cedar Street in question if Farm F does not lie within the subdivision of which Cedar Street is a part, for in that case all the owners of land in the subdivision adjacent to the strip withdrawn joined in the withdrawal.

The trial court resolved this crucial question against plaintiffs. It decided, in effect, that it was the intent of the corporation to dedicate Cedar Street only in relation to the townsite. There are substantial undisputed facts to support this conclusion. It is true that the townsite subdivision is shown on the farms subdivision maps. There are in evidence two such maps of farms subdivision, Exhibits C and D. Townsite appears on these maps in skeleton form, and seems to have been so placed to show relative position rather than to create a composite map to be referred to for the sale of lots and farms. *Hine v. Blumenthal, supra,* at page 545. These maps show the streets and blocks of townsite. The streets are named but dimensions are not given. The blocks are not numbered and are not divided into lots. No building lots could be sold by reference to either of these maps. The townsite

and farms maps were made and recorded at different times. On townsite map, Exhibit B, all streets are shown to be 50 feet wide, except Ash which is 35, and Mulberry which is 18. On farms maps the roads are either 18 feet or 24 feet wide. The farms subdivision contains only farms, and townsite subdivision contains only building lots. On both farms maps Cedar Street is closed at the north end by a line drawn from the northwest corner of Block 26 to the northeast corner of Block 28. The north end of this street is also closed in this manner on the townsite map. Mulberry Street is open at the north end on Exhibit C. Farm F fronts on Peachtree Street (U. S. Highway 117) a distance of 382 feet. While plaintiffs' deed was not made by the dedicator, Cedar Street is not mentioned anywhere in the deed, though a boundary description is given. Cedar Street has never been used by any of the owners of Farm F, though it was dedicated in 1906.

The fact that the corporation owned both the townsite and farms and developed the two as contiguous subdivisions does not of itself make them one composite subdivision as a matter of law. *Stephens Co. v. Homes Co., supra.* As to whether they constitute one composite subdivision is, as already indicated, a question of intent of the corporation. The intent to dedicate is the very life of every dedication. *Nicholas v. Furniture Co.,* 248 N.C. 462, 468, 103 S.E. 2d 837; *Milliken v. Denny,* 141 N.C. 224, 230, 53 S.E. 867. "Where the facts are undisputed and admit of but one legal interpretation or can lead to but one conclusion, the question of intention and dedication is one of law." *Spicer v. Goldsboro,* 226 N.C. 557, 560, 39 S.E. 2d 526. But where more than one conclusion may be drawn from undisputed facts, the broad question of the intention of the dedicator has been held to be a question of fact, and consequently for the jury. 16 Am. Jur., Dedication, s. 88, p. 424.

In the case at bar the material facts are not in dispute. The trial court undoubtedly considered that the question of the intention of the dedicator was a matter of law, that only one inference was permissible, and that this question is controlled by the decision in *Stephens Co. v. Homes Co., supra.* We are inclined to agree. The intent of the owner and dedicator is to be gathered from matters appearing in the chain of title and may not be established by parol. *Craven County v. Trust Co.,* 237 N.C. 502, 514, 75 S.E. 2d 620. But from the state of the record, it is unnecessary to decide whether the intention of the dedicator was an issue of fact or a question of law, for it is our opinion that the consent of plaintiffs that the court might answer the fourth issue as a matter of law authorized the court to draw the inferences on preliminary and subordinate questions necessary for the answering of the issue. The record does not disclose that plaintiffs requested that

an issue be submitted to the jury on this question of intention, or tendered such issue. The judgment recites that counsel agreed that "there were certain issues which should be answered by the court prior to the submission of any issues to the jury." At the close of the evidence the court announced that the four issues which appear in the record "arise on the pleadings and the evidence in this case, which are issues of law and should be answered by the court, and *there being no objection,* the court answered the issues . . . ." (Emphasis added). Under certain circumstances jury trial may be waived by failure to object. *Driller Company v. Worth,* 117 N.C. 515, 23 S.E. 427. Jury trial may be waived "by oral consent, entered in the minutes." G.S. 1-184(3).

On appeal, plaintiffs still do not object to the determination of the question by the court. The first assignment of error is based on exception "to the court answering Issue #4 'yes.'" The exception is to the answer and not to the answering. Plaintiffs' contention on this assignment is that there is no statute of limitations involved and none pleaded. But G.S. 136-96 provides that if the public does not use a street within 15 years after dedication, and this lapse of time is followed by withdrawal from dedication, "no person shall have any . . . cause of action thereafter, to enforce any public . . . easement therein." Plaintiffs' pleadings allege the facts upon which this limitation arises and the facts thus alleged are admitted by defendants, and defendants further aver "that the property described . . . has never been used as a street and that the said property has never been opened as a street and that the plaintiffs and their predecessors have never used the said property as a street since the map of said property was recorded in the year 1906 and that the plaintiffs have no right to use the said property, the defendants being the sole owners thereof." The plea of a statute of limitations is not good if it merely states that the party pleads the statute. "When the facts showing the lapse of time are pleaded, the pleader becomes entitled to the benefit of the plea as a matter of law." *Allen v. Seay,* 248 N.C. 321, 323, 103 S.E. 2d 332; *Jennings v. Morehead City,* 226 N.C. 606, 39 S.E. 2d 610.

Plaintiffs' contentions on the first assignment of error raise no question relative to the intention of dedicator as to the dedication of Cedar Street. For the reasons stated in the preceding paragraph the first assignment of error is not sustained.

The second and final assignment of error is to the signing of the judgment. An exception to the judgment presents the sole question, whether the facts found and admitted are sufficient to support the judgment, that is, whether there is error on the face of the record.

*Moore v. Crosswell,* 240 N.C. 473, 82 S.E. 2d 208; *Hall v. Hall,* 235 N.C. 711, 714, 71 S.E. 2d 471.

In the case at bar it appears from the admissions in the pleadings, the stipulations and the issues as answered by the court that Cedar Street was dedicated in 1906, that dedicator did not intend to dedicate it with respect to farms subdivision and Farm F, that plaintiffs as to Cedar Street are members of the public generally, that Cedar Street has never been opened and used for the purposes for which it was dedicated, that dedicator was a corporation which was dissolved prior to 26 July 1954 and was not in existence on that date, that defendants were entitled to withdraw and did withdraw Cedar Street from dedication on 26 July 1954, and that plaintiffs' cause of action is barred. The judgment is fully supported and there is no error on the face of the record.

In this view of the matter, the issues raised by plaintiffs' pleadings — (1) whether Cedar Street is necessary to afford convenient ingress to and egress from Farm F, and (2) whether plaintiffs are tenants in common with defendants with respect to the strip of land in question — are not reached and do not arise.

The judgment below is

Affirmed.