C. P. OWENS AND WIFE, BETTY SUE OWENS v.
J. W. ELLIOTT AND WIFE, WINNIE ELLIOTT.

(Filed 12 December 1962.)

1. Dedication § 1—

The owners of a subdivision sold the entire tract and thereafter a map of the subdivision showing streets was recorded. The grantor then sold to plaintiff a lot adjacent to the subdivision, bounded on one side by a public road and on the other by a street of the subdivision, and the deed referred to the street. *Held:* At the time of the deed to plaintiff the grantor had no interest in the subdivision and could not convey to plaintiff any right or easement with respect to the streets therein, and plain-

tiff's right to use the street was solely that of a member of the public generally, and if the public has no rights therein, plaintiff has none.

**2. Dedication § 2—**

While the sale of lots in a subdivision with reference to a map showing the streets constitutes a dedication of such streets to the purchasers of the lots, as to the public it is but an offer of dedication which does not constitute such streets public ways unless and until the offer of dedication is accepted in some recognized legal manner by the proper public authorities.

**3. Dedication § 1; Highways § 4—**

Mere use of a way over land by the public does not constitute it a highway, and mere permissive use by the public does not imply a dedicatory right in the public.

APPEAL by defendants from *Crissman, J.,* June 1962 Civil Term of WILKES.

Action for damages allegedly suffered by reason of the closing of a street by defendants, and to restrain defendants from interfering with the use of the street by plaintiffs, and for mandatory injunction to require defendants to remove obstructions from the street.

There was a jury trial, and in consequence of the verdict the court entered judgment denying the recovery of damages but granting the injunctive relief sought by plaintiffs.

Defendants appeal.

*Whicker and Whicker for plaintiffs.*
*Ralph Davis for defendants.*

MOORE, J. This is the second appeal in this case. The first appeal was heard at the Spring Term 1962. *Owens v. Elliott,* 257 N.C. 250, 125 S.E. 2d 589. Much of the evidence necessary to a clear understanding of the legal questions involved had been excluded or was not brought forward in the record on the former appeal. The present record makes clear the factual situation and brings the legal questions for decision into focus.

The pleadings are reviewed in our former opinion. In summary, the facts are: In May and June 1958 Howard Owens and wife subdivided a part of their land into 108 lots. The subdivision does not lie within the boundaries of an incorporated town or city. A 30-foot unnamed street (hereinafter referred to as "the Street") extends in a generally east-west direction across the north side (and through a small portion of the northwest side) of the subdivision, connecting with Crysel Road and Congo Road. These two roads are public highways, Crysel Road lies at the east end and Congo Road at the

west end of the Street. The Street was laid out, graded and opened. A map of the subdivision was made, showing the location of lots and streets. In June 1958 the subdividers conveyed to the defendants all of the lots in the subdivision, 108 in number, and "all the right, title and interests of . . . (subdividers) . . . in and to the streets shown on the map." The map was recorded in August 1958, after the conveyance to defendants. Defendants have sold and conveyed to various purchasers a number of the lots in the subdivision, by deeds referring to the map. In February 1960 plaintiffs herein purchased from Mr. and Mrs. Howard Owens, the original subdividers, a lot outside the subdivision. This lot is situate at the northwest intersection of Crysel Road and the Street; it abuts the western margin of Crysel Road a distance of 100 feet, and the northern margin of the Street 150 feet; it lies directly across the Street from lot 40 of the subdivision. The description in the deed to plaintiffs refers to the Street. Plaintiffs erected a dwelling house facing the Street and constructed a driveway from the Street to their carport. In May 1960 they moved in. Defendants were engaged in paving the Street, but plaintiffs paid no part of the paving cost, though they were requested to do so. Defendants barricaded the Street and later made it impassable by filling it, in front of plaintiff's lot, with dirt and rock to a depth of several feet. From June 1958 to the time the Street was closed, many persons, not owning lots within the subdivision, used the Street freely and without interference. The State Highway Commission has not at any time accepted or maintained the Street as a part of the State highway system. It was maintained entirely at the expense of defendants and the purchasers of lots within the subdivision. Plaintiffs instituted this action to restrain defendants from interfering with their use thereof, and for mandatory injunction to require defendants to open the Street and remove all obstruction therefrom.

The trial court erred in overruling defendants' motion for nonsuit.

Plaintiffs acquired no right, title or interest in or to the Street by virtue of the deed of conveyance from Mr. and Mrs. Howard Owens to them. The description refers to the Street, but the effect of the reference is only descriptive. *Farmville v. Monk & Co.*, 250 N.C. 171, 108 S.E. 2d 479. Mr. and Mrs. Howard Owens had theretofore conveyed to defendants all their right, title and interest "in and to the streets shown on the map" (and this Street is shown on the map), and therefore, at the time of the conveyance of the lot outside the subdivision to plaintiffs, had no title or interest that they could convey to plaintiffs. *Sheets v. Walsh*, 217 N.C. 32, 6 S.E. 2d 817.

The trial judge proceeded on the theory that there was *prima facie* evidence of a consummated dedication of the Street to the use of the

public. He seems to be of the opinion that where there is a subdivision of a tract of land into lots, and streets are opened within the subdivision, that use of a street by a member of the general public "for as much as ten minutes" (to use his expression) works an irrevocable dedication to public use. This is, of course, not the law. The judge was probably confused by failure to distinguish the principles applicable to a dedication to the use of purchasers of lots within a subdivision and those applicable to a dedication to the use of the public. The law is clearly stated in our former opinion. We repeat a portion of the former opinion in the three following paragraphs.

Where lots are sold and conveyed by reference to a map which represents a division of a tract of land into subdivisions of streets and lots, such streets become dedicated to the public use, and a purchaser of a lot located in the subdivision acquires the right to have all and each of the streets kept open and it makes no difference whether the streets be in fact open or accepted by the appropriate public authority. However, the dedication referred to in the preceding sentence, insofar as the general public is concerned, without reference to any claim or equity of the purchasers of lots in the subdivision, is but a *revocable offer* and is not complete until accepted, and neither burdens nor benefits with attendant duties may be imposed on the public unless in some proper way it has consented to assume them. *Steadman v. Pinetops,* 251 N.C. 509, 515, 112 S.E. 2d 102; *Blowing Rock v. Gregorie,* 243 N.C. 364, 90 S.E. 2d 898; *Rowe v. Durham,* 235 N.C. 158, 69 S.E. 2d 171; *Lee v. Walker,* 234 N.C. 687, 68 S.E. 2d 664.

An acceptance by the public of an offer to dedicate a street or road must be by the proper public authorities — that is, by persons competent to act for the public, *e.g.,* the governing board of a municipality or State Highway Commission. 16 Am. Jur., Dedication, s. 32, p. 379. To be binding, the acceptance by the public authority must be in some recognized legal manner. *Gault v. Lake Waccamaw,* 200 N.C. 593, 158 S.E. 104. "According to the current of decisions in this Court there can be in this State no public road or highway unless it be one either established by public authorities in a proceeding regularly instituted before the proper tribunal or one generally used by the public and over which the public authorities have assumed control for the period of twenty years or more; or dedicated to the public by the owner of the soil with the sanction of the authorities and *for the maintenance and operation of which they are responsible.*" (Emphasis added) *Chesson v. Jordan,* 224 N.C. 289, 291, 29 S.E. 2d 906; *Scott v. Shackelford,* 241 N.C. 738, 743, 86 S.E. 2d 453; *Hemphill v. Board of Aldermen,* 212 N.C. 185, 193 S.E. 153.

"The mere use of a way over land by the public does not constitute it a highway. Nor does the mere permissive use of it imply a dedicatory right in the public to use it." *Chesson v. Jordan, supra.*

A person who purchases a lot or parcel of land situate outside the boundaries of a subdivision has no rights with respect to the dedicated streets of the subdivision other than those enjoyed by the public generally, even though his lot or parcel abuts upon one of the streets. *Janicki v. Lorek,* 255 N.C. 53, 120 S.E. 2d 413; *Rose v. Fisher,* 42 S.E. 2d 249, 172 A.L.R. 160 (W. Va. 1947). Even if the Street has been opened and is in use for the purposes of the persons owning lots in the subdivision, if the offer of dedication has not been accepted by proper public authorities or in a manner recognized by law, the owner of the lot outside the subdivision has no right to use the street by reason of any purported dedication. There does not arise on the record in the instant case any question of private easement by grant, prescription, implication or of necessity. Where streets have been laid out and opened in a duly established subdivision and the proffered dedication of the streets has not been accepted on behalf of the general public in a manner recognized in law, if a member of the general public, not a resident of or owner of land in the subdivision, uses the streets for his own purposes and convenience, such use is at best permissive and not of right.

The judgment below is

Reversed.