WILLIAM F. ANDREWS AND WIFE, CAROL B. ANDREWS, GLENN E. ANDERSON AND WIFE, GRACE C. ANDERSON, RAYMOND M. TAYLOR, CALVIN B. KOONCE AND WIFE, MARY G. KOONCE, DR. GEORGE W. PASCHAL, JR. AND WIFE, BETH C. PASCAL, CARL B. MIMS AND WIFE, JEAN W. MIMS, MRS. MARY PARKER THOMPSON, BRYON W. FRANKLIN AND WIFE, MARIETTA G. FRANKLIN, GEORGE E. VIALL AND WIFE, BETSY VIALL AND R. MAYNE ALBRIGHT AND WIFE, FRANCES S. ALBRIGHT v. COUNTRY CLUB HILLS, INCORPORATED AND CLYDE B. CLINE

No. 7310SC88

(Filed 11 April 1973)

1. **Dedication § 1— sale of lots by reference to map — offer to dedicate streets**

    The sale of lots by reference to a map or plat representing a division of a tract of land into streets and lots constitutes an offer to dedicate such streets to public use, and the dedication is complete only when the offer is accepted by the responsible public authority.

2. **Dedication § 3—dedication of park as conveyance — withdrawal of dedication — street necessary for ingress to or egress from land conveyed**

    A real estate developer's dedication of a park in a residential subdivision was a conveyance within the meaning of the provision of G.S. 136-96 prohibiting the withdrawal from dedication of land dedicated for a street which is necessary to afford convenient ingress or egress to any lot or parcel of land sold or conveyed by the dedicator.

3. **Dedication § 3— unopened street — withdrawal from dedication — necessity for ingress to and egress from park**

    Action to enjoin the withdrawal from dedication of an unopened street bordering a dedicated park in a residential subdivision is remanded for determination of whether the continued right to use the street is necessary to afford convenient ingress or egress to and from the park within the purview of the exception to G.S. 136-96.

    Judge VAUGHN dissents.

APPEAL by defendants from *Braswell, Judge,* at the 26 June 1972 Session of Superior Court held in WAKE County.

This is a civil action instituted by plaintiffs to have declarations of withdrawal from dedication made by defendant corporation declared null and void, and to permanently enjoin defendants from subdividing or otherwise withdrawing from public use certain land in the Country Club Hills Subdivision in Raleigh, North Carolina.

Country Club Hills is a residential area in the northwest section of Raleigh, which was developed by Country Club Hills,

Inc., a North Carolina corporation. The defendant Cline is now the president of the defendant corporation. In 1945 and 1946, the corporation subdivided the land now constituting Country Club Hills and recorded certain maps. The maps contained a layout of streets by name and lots by number. Lots were sold by reference to said maps.

On 17 April 1970 defendant corporation, proceeding under G.S. 136-96, filed declarations of withdrawal from public use of two areas designated on the maps: the "Hyde Park" area consisting of several acres of land; and a 100-foot-wide unnamed street at the western end of "Hyde Park." Following the filing of the declarations of withdrawal, the defendant corporation conveyed the unnamed street area to the individual defendant, Clyde B. Cline.

Plaintiffs, all owners of certain designated lots in Country Club Hills—none of which are contiguous to the park or unnamed street, instituted this action on 4 April 1972 and obtained a temporary restraining order on 5 April 1972. After a trial without a jury, the trial judge found: that there had been a dedication by Country Club Hills, Inc., of Hyde Park and the 100-foot-wide unnamed street; that Hyde Park had been used continuously as a park by purchasers of lots in Country Club Hills Subdivision since its dedication in 1945; that the unnamed street had never been opened; and that the declarations of withdrawal of the park and street from public and private use were ineffective in that they were not within the purview of G.S. 136-96. The judgment held the declarations of withdrawal from dedication null and void, the conveyance of the unnamed street area by the corporation to defendant Cline null and void, and permanently enjoined defendants from subdividing Hyde Park and the unnamed street. Defendants appealed.

*Gulley & Green, by Charles P. Green, Jr., for plaintiffs.*

*Wolff, Harrell & Mann, by Bernard A. Harrell, for defendants.*

BROCK, Judge.

All of defendants' assignments of error relate to that portion of the judgment which held null and void defendant corporation's declaration of withdrawal from dedication of the unnamed street area. Defendants make no exceptions or assign-

ments of error to the judgment as it relates to the Hyde Park area.

[1] In general, the sale of lots by reference to a map or plat which represents a division of a tract of land into streets and lots constitutes an offer to dedicate such streets to public use. This dedication to the public is complete only when the offer is accepted by the responsible public authority. *Owens v. Elliott,* 258 N.C. 314, 128 S.E. 2d 583. G.S. 136-96 provides for withdrawal of dedication to public use:

> "Every strip, piece, or parcel of land which shall have been at any time dedicated to public use as a road, highway, street, avenue, or for any other purpose whatsoever, by a deed, grant, *map,* plat, or other means, which shall not have been actually opened and used by the public within fifteen (15) years from and after the dedication thereof, shall be conclusively presumed to have been abandoned by the public for the purposes for which same shall have been dedicated; *and no person shall have any right, or cause of action thereafter, to enforce any public or private easement therein* . . . provided, that no abandonment of any such public or private right or easement shall be presumed until the dedicator or some one or more of those claiming under him shall file and cause to be recorded in the register's office of the county where such land lies a dedication withdrawing such strip, piece or parcel of land from public or private use to which it shall have theretofore been dedicated . . . .

> *"The provisions of this section shall have no application in any case where the continued use of any strip of land dedicated for street or highway purposes shall be necessary to afford convenient ingress or egress to any lot or parcel of land sold and conveyed by the dedicator of such street or highway . . . . "*

The provisions of this statute do not apply when the continued use of the street is "necessary to afford convenient ingress or egress" to any lot sold or conveyed by the dedicator. In the present case, the unnamed street has not been opened or used by the public as a street for more than 25 years from the time of its dedication. The dedicator, Country Club Hills, Inc., has complied with the provisions of G.S. 136-96 and filed a declaration withdrawing the unnamed street from public or

private use. Unless the continued use of the street is "necessary to afford convenient ingress or egress," G.S. 136-96 is applicable to this situation and its effect is to extinguish "any public or private easement" in the dedicated property. The question presented, then, is whether the unnamed street area falls within this statutory exception to the application of G.S. 136-96.

[2] The only land involved in this case to which plaintiffs have an interest in convenient ingress and egress is the Hyde Park area. Defendants have not challenged the trial court's holding that Hyde Park remains dedicated to public use. Plaintiffs purchased lots by reference to maps which contained the park designation. This park dedication was certainly an inducement to their purchasing lots. The park dedication by Country Club Hills, Inc., was a conveyance within the meaning of the statutory exception to G.S. 136-96.

The words "continued use of" in the statutory exception to the application of G.S. 136-96 have been construed to mean the continued *right* to use. *Janicki v. Lorek,* 255 N.C. 53, at 60, 120 S.E. 2d 413, at 419. This continued *right* to use is not contingent on some prior use, but is merely a continuance of a right that existed at the time of dedication. The operation of this statutory exception is predicated upon a determination of whether the continued *right* to use the dedicated street "shall" be necessary to afford convenient ingress or egress to any lot or parcel of land conveyed by the dedicator.

[3] The trial court found that the Hyde Park area was bordered by Pasquotank Drive, Granville Drive, Perquimans Drive, and the 100-foot-wide unnamed street. No determination was made, however, as to whether the continued *right* to use this unnamed street, in view of the access afforded by the three bordering public streets, "shall" be necessary to afford convenient ingress or egress to the park. The unnamed street may be necessary to afford convenient access to a portion of the park not conveniently reached by the three public streets; or the three public streets, due to their width, the amount of traffic, or some like consideration, may not provide convenient access to the park. This determination was not made by the trial court, and was necessary in order to determine whether the unnamed street came within the statutory exception to G.S. 136-96. If it is determined that the unnamed street is within the purview of this exception so that G.S. 136-96 is inapplicable,

the withdrawal from dedication of the unnamed street would be ineffective.

The judgment appealed from is reversed as it relates to the unnamed street and this cause is remanded for a determination of the issue heretofore discussed.

Reversed in part, and remanded.

Judge GRAHAM concurs.

Judge VAUGHN dissents and would affirm the judgment from which defendants appealed.